Parker, C. J.,
delivered the opinion of the Court. This being a bargain for the sale of goods of more than £ 10 in value, and no earnest money paid, nor any part of the goods delivered, it is obvious, that, unless there was a memorandum in writing signed by the defendants, or for them by some person duly authorized, the contract cannot he enforced by action.
*78 The second section of the statute of 1788, c. 16, provides, 1 ‘ that no contract for the sale of any goods, &c., for the price of ten pounds or more, shall be allowed to be good, except the purchaser shall accept part of the goods so sold, and actually receive the same, or give something in earnest to bind the bargain, or in part payment ; or, that some note or memorandum in writing of the said bargain be ' made and signed by the parties to be charged by such contract, or their agents thereunto lawfully authorized.”
A memorandum, supposed to be within the requisition * of this statute, was produced at the trial ; and being objected to as insufficient, the question as to • its sufficiency was reserved for the consideration of the whole Court. Divers objections have now been made to it. First, that it is not signed in the manner intended by the statute ; the names of the defendants being above, and not below, the body of the paper.
But we think this a slight objection ; as it is well known that such a signing has been held good in instruments of much more importance and solemnity than the one before us.
It was further objected, that the memorandum was not sufficient, because it did not specify the weight of the bales of cotton, nor refer to any invoice, by which the weight could be ascertained.
But we think it sufficiently particular. The object of the statute being, that the bargain shall be proved by writing, and not by parol; in order that purchasers shall not be caught up on loose conversation, or that the proof of the contract should not rest upon the recollection or integrity of witnesses. Bales of cotton are nearly of the same weight and size ; and, where the weight is left undetermined by the contract, it must be presumed that the ordinary average weight was intended. The case of Egerton vs. Matthews & al., (5) which was cited by the counsel for the plaintiff, is exactly parallel with this ; and the distinction there taken, between a memorandum necessary to enforce a bargain for the sale of goods, and an agreement which is required to oblige one to pay the debt of another, will hold good here.
It is also said, that the memorandum is defective, because it does not appear that the obligation was mutual, no counterpart being signed by the vendor, and no legal means of enforcing the bargain against him existing.
But this objection has no weight. The bargain was undoubtedly mutual, although the parties might not have been equally vigilant in obtaining the legal written * evidence to prove it. The defendants were the party to be charged by the memorandum, and it is signed by them. They should have taken care to *79 have procured one from the other party. Indeed, it cannot be ascertained from the facts reported, that they have not such a memorandum. In the case before referred to, it was settled, that the signature of one of the parties was sufficient to charge him.
As to the parol evidence supposed to have been improperly admitted to help out the memorandum, the case shows that it was received to rebut the suggestion, that the paper produced on the trial was not the same which was read to one of the defendants, when the bargain was made ; but had been altered in an essential part. Surely this evidence, to prove the identity of the memorandum, was properly admitted.
The charge of the judge has also been complained of; because he stated that the property was not changed by the contract.
But it is very clear, that a mere contract to sell, without a delivery either actual or symbolical, does not pass the property ; and that a subsequent sale and delivery to another person would have vested the property in him. There certainly is a distinction between a sale and a contract for sale ; and it is upon this distinction that the statute proceeds in requiring written evidence to substantiate such a contract.
Upon the whole, the jury having passed upon the question of fraud, and upon that of the contract being rescinded; and the memorandum being in our opinion such as the statute requires, there is.no reason why judgment should not be entered upon the verdict.

Judgment according to the verdict.

[Ogilvie vs. Foljambe, 3 Mer. 53. —2 Kent's Commentaries, 511, and note d. — Ed.]

 6 East, 307.