FORCE vs. DUTCHER and others.

1. An agreement denied by a responsive answer, must be proved by two witnesses, or proof equivalent to that. The complainant is not a competent witness, where any of the defendants are sued in a representative capacity.

2. In a contract to convey land, it is necessary that the lands to be conveyed should be described or designated in the written agreement.

3. An agent to sell lands, has not, merely as such, power to convey. He can bind his principal to convey, but cannot himself convey, unless authorized by a power of attorney, first duly acknowledged and recorded. Therefore a deed cannot be demanded of, or payment tendered to, a mere agent to sell.

4. A demand of a deed, and tender of payment, must be within a reasonable time. In this case, two years held not to be a reasonable time.

5. Part performance, to take a case out of the statute of frauds, must be clearly proved.

6. It is not necessary to set up in the pleadings, as a defence, the statute of frauds, unless the contract against which it is set up, is that on which the relief prayed for is founded.

7. A person making a contract to convey lands, verbal or written, and failing to perform it, is bound to refund the amount he may have received upon it, with interest.

---

*Mr. Vanatta*, for complainant.

*Mr. E. W. Scudder*, for defendant, Dutcher.

*Mr. P. D. Vroom*, for Hunt's executors.

THE CHANCELLOR.

The bill alleges, that on the eleventh day of October, 1856, William E. Hunt, since deceased, by his agent, the defendant, Dutcher, agreed to sell to the complainant twenty-two acres of land in Mercer county, for the price of $7000; that the agreement was by parol, but was for a lot, with specific boundaries, set out in the bill; that a note for $1000 was taken in part payment, for which a receipt was given in these words: "Received, Trenton, October eleventh, 1856, of William M. Force, a note for $1000, payable in sixty days, to apply on purchase money of twenty-two acres of land, on the easterly part of William E. Hunt's farm, south of the Sandtown road; purchase price of said land $7000; deed to be ready within one week. Andrew Dutcher, attorney for William E. Hunt." That the complainant agreed to sell to Isaac Stephens, eleven acres of said tract for $5000, and that, by his consent, the eleven acres were, on the twenty-fifth of October, 1856, conveyed to Stephens directly by Hunt, in part fulfillment of the contract; that Hunt received this $5000, which left $1000 of the contract price to be paid by complainant; that Hunt delayed making the conveyance, and that complainant, in December of the same year, formally demanded the conveyance of Dutcher, and tendered himself ready to pay the purchase money, but that Dutcher never procured the deed from Hunt or offered to deliver it; that after sundry negotiations relating to this eleven acres, in the month of April, 1859, Hunt, by his agent, Dutcher, agreed to sell to C. S. Green, a tract of thirty and seventeen one-hundredth acres, of which the eleven acres was part, for $10,000; that complainant, hearing of this, interposed to prevent the sale, but upon being promised by Dutcher that he should be paid out of the proceeds for his eleven acres, at the rate of $400 an acre, withdrew his opposition to the sale, which was completed on the twentieth of April, 1859; that, by this agreement and sale, Hunt and Dutcher were bound to account to him for $4400, and to pay him $3400, the excess above the $1000 of the purchase

money, which he had not paid. The bill is filed for a discovery and account, and the payment of the amount due; and also contains the general prayer for relief.

The answer of Dutcher admits the contract of sale by Hunt through him as agent, and the giving of the receipt, and that the note was given and paid; but denies that it was for the tract as described in the bill, and sets out boundaries, which essentially vary the tract sold. It admits the conveyance to Stephens, but alleges that only part of the eleven acres conveyed to him was portion of the twenty-two acre tract; that the residue was other lands of Hunt. It denies the promise alleged at the interview about the sale to Green, to pay $400 an acre for the eleven acres, and says that nothing was said about the eleven acres, or $400 per acre; but says that he, Dutcher, told the complainant he could not say how he would stand, but that he supposed Hunt would do what was right, and if complainant was entitled to anything beyond the money he had paid, he would get it.

The answer of Hunt's executors admits the contract for sale, and that they suppose it was for the lands described in the bill; it admits the conveyances to Stephens and to Green, and the receipt of the money in the deeds specified as the consideration. It answers that the executors are entirely ignorant as to the agreement alleged to have been made by Dutcher on the conveyance to Green, to pay the complainant $400 per acre, for the eleven acres claimed by him.

The complainant's claim depends upon the promise made to him by Dutcher at the sale to Green, or upon the fact that he had an equitable title to eleven of the thirty acres conveyed to Green, and is entitled to a proper share of the purchase money; or else his claim is narrowed down to the recovery of his $1000, which is not disputed.

The agreement at the sale to Green, is denied by Dutcher in his answer; on this point, it is responsive to the bill, and must be overcome by two witnesses. The only witness of-

fered to prove it, is the complainant himself. If the proof is competent, it is not sufficient.

The executors of Hunt deny all knowledge of such bargain or conversation at the sale to Green, and answer from their information and belief, that their testator sold the eleven acres as his own land. This puts the burthen of proving this bargain upon the complainant.

The only witness he offers to prove it, is himself. He was objected to when offered, and being a party, is by law incompetent, when the defendants are sued in a representative capacity.

The complainant then, cannot have relief against any of the defendants, on the bargain or promise at the sale to Green.

But if he had an equitable title to these eleven acres, and Hunt sold them and received the money, his executors may be called to account in a court of equity.

The contract to sell to Force, was a parol contract; the receipt, which is a written memorandum, signed by the agent of the party, does not describe or specify the lands; and as one material part of the contract is not in writing, it does not fulfill the requirements of the statute of frauds. This is the settled construction of that act. The answer of Dutcher denies that the tract described in complainant's bill, was the one that was sold. The answer of the executors says that they suppose it was the tract sold. This is not an admission such as will supply the requirements of the statute. In a suit in equity for specific performance, or at law for damages, the statute of frauds would have defeated the complainant. He never demanded a deed of Hunt, or tendered him the money due. A demand of Dutcher was of no validity; Dutcher was the agent to sell, not to convey. He could only be made such agent by a power of attorney, duly acknowledged and recorded. Such demand was not only required by the rules of law, but in this case, where the agent of Hunt for the sale of all his lands, was bargaining with the complainant for an advantage to himself, by putting some of the lands of his principal that he was entrusted to sell, into a

common venture, for the joint benefit of himself and the complainant, equity would require a personal demand of Hunt.

Such demand, too, must be within a reasonable time, or specific performance will not be decreed. More than two years elapsed before the sale to Green, and no demand was made on Hunt. Under the circumstances of this case, that delay would have defeated a suit for specific performance. There was no part performance in this case to take it out of the statute. The conveyance to Stephens was to another person, and was upon a new arrangement and new covenants as to opening a street. It was not understood by Stephens to be in performance of the agreement with Force. That it was in part performance, is denied by Dutcher in his answer, and is not proved by sufficient evidence as against him, or by legal evidence as against the executors. And no specific performance of an agreement will be decreed on account of part performance, where this agreement is not certain and clearly proved. In this case, there is not sufficient proof that the agreement was for the lands described in the bill, and no specific performance could have been decreed.

The complainant, then, had no equitable title to the eleven acres of the land conveyed, and cannot recover on the ground that Hunt sold and conveyed the lands to which he was entitled, and should account for their proportion of the purchase money received.

The statute of frauds has not been pleaded in bar, nor set up as a defence in either answer. If the suit had been brought on the contract for specific performance, or in any way directly on the contract, and the agreement was admitted, the defendants could not take advantage of the statute of frauds, unless it was interposed as a defence. But here the bill is not filed upon the contract of October, 1856, but upon a contract made in April, 1859, at the sale to Green. That contract, if made by parol, as stated in the bill, was not within the statute of frauds, and it could not have been interposed as a plea or defence to it. But under the general prayer for relief, a complainant who fails in the relief specially prayed

for, can have any other relief that he may be entitled to on the case set forth in the bill and proved by the evidence.

Such relief here depends upon the complainant showing an equitable title to these eleven acres sold to Green. And the proof shows that he had no such equitable title; the statute of frauds prevented it. No plea of the statute of frauds is necessary to bar such relief under the general prayer.

But William E. Hunt, when he conveyed the land to Green, in April, 1859, was bound to refund to the complainant the $1000 paid to him at the making of the contract for sale, and that, with interest from the day on which the note was payable. The complainant is entitled to a decree to that effect. $1125 was placed in Dutcher's hands, to be paid to the complainant on that account, at the sale to Green. Dutcher must be held liable to interest on that sum, from April twentieth, 1859. He did not tender it to the complainant in money, nor has he kept it in specie, or separated from his own money, for the complainant. To that extent the complainant is entitled to a decree, both against Dutcher and the executors, to be paid by the executors if it cannot be recovered from Dutcher. The residue of the amount must be paid by the executors. The complainant is entitled to costs against the defendants.