PETER TYRRELL et al., appellants,

*v.*

LAWRENCE O'CONNOR, respondent.

[Filed July 1st, 1897.]

1. It is not necessary to the validity of a power of attorney authorizing an agent to agree in writing to sell lands and bind his principal to convey them, that it shall be proved or acknowledged and recorded.

2. Mere power to sell lands, without more, will not authorize the agent to bind his principal by written contract to convey.

3. Where, however, the design and terms of the power manifest an intent to give the agent authority to effect a sale and conveyance, and the instrument assumes to ratify the "*bargains*" he may make, it will be held to give him authority to bind his principal to convey.

On appeal from a decree of the chancellor, who delivered the following opinion :

This is a suit for the specific performance of a contract to convey lands. The complainant asks that the defendants be compelled to convey to him a strip of land in the city of Bayonne, which bounds on the Newark bay, which he has taken possession of, under the contract he seeks to enforce, and has improved and which now constitutes his home.

The defendants are the heirs-at-law of Martin D. Tyrrell, deceased, and as such are tenants in common of the lands in question. With the exception of James Tyrell, who lives in New York, they are all residents in Ireland.

By a power of attorney, signed and sealed by them respectively, on the 23d day of August, 1893, the defendants resident in Ireland constituted James Tyrrell, their attorney,

"to [quoting the language of the instrument in material parts] ask, demand and receive all rents and arrears of rent which now are or shall hereafter grow due or owing to us [from tenants of the lands in Bayonne above mentioned], to give proper acquittances and certain discharges thereof, and in default of payment thereof, or any part thereof, * * * to proceed by a suit or suits

Tyrrell v. O'Connor.

at law for the recovery thereof, as by him, our said attorney, shall be thought fit, and to lease said lands, tenements and hereditaments * * * to such person or persons and for such a term or number of years, or for life or lives, and at and under such yearly or other rates as he shall think fit, taking such security therefor as he shall deem proper; or otherwise to mortgage or sell the same absolutely in fee-simple for such price or sum of money as he shall think fit or convenient, and also for us and in our name and as our act and deed, to sign, seal, execute and deliver such deeds and conveyances for the leasing or the sale or mortgage thereof, or any part thereof, with such clauses, conveyances and agreements to be therein contained as our said attorney shall think fit and proper, hereby ratifying and confirming all such leases, deeds, conveyances, bargains and sales which may at any time hereafter be made."

This power of attorney, though duly signed and sealed by the Irish defendants, does not appear by the certificate of the United States consul, before whom they appeared, appended to it, to have been acknowledged in accordance with the requirements of our statute.

On the 20th of April, 1894, James Tyrrell, for himself, and as the agent of the other defendants, entered into a written contract with the complainant, in the names of all the defendants, that in consideration of $7,250, $250 of which was then paid in cash, $5,000 of which was to be paid upon delivery of the deed, and the remainder of which was to be satisfied by assumption of the payment of a mortgage of $2,000 then a lien upon the property, that the defendants would sell the premises in question to the complainant in fee, free from encumbrances, and deliver a deed thereof to him on or before the 21st day of May then next.

Subsequently, upon an examination of the title to the property, it was discovered that one of the certificates of acknowledgment to the power of attorney to James Tyrrell was defective, as stated, and that it did not appear that the power of attorney, though recorded, had been duly proved or acknowledged. Because of this defect it was deemed that a deed from the agent would be without validity. *Rev. p. 164 § 649; Gen. Stat. p. 876 § 117; Earle v. Earle, Spenc. 347, 361; Force v. Dutcher, 3 C. E. Gr. 401, 403.* Consequently, that time might be afforded to send a deed to Ireland for execution by the defendants there, a new agreement for sale was made between the same parties on May 8th, which embodied the terms of the agreement of April

20th, fixed June 26th for the delivery of the deed, and provided that the complainant should have possession of the property bargained for, stipulating, in respect thereof, in this language: '

"Said party of the second part shall have possession of the said premises on the 14th day of May, 1894, and, in the event of the failure of said parties of the first part to deliver the deed at the time and in the manner hereinafter referred to, the parties of the first part hereby agree to repay to the said party of the second part the said sum of $250 heretofore paid as part of the consideration money, and, in addition thereto, such sum, not exceeding $1,250, as said party of the second part shall have paid upon the examination or guarantee of the title to said premises, or in the repair, improvement or furnishing the building or grounds, or the survey thereof, or shall in any way have incurred or expended in the preparation for the purchase of and taking of title to said premises not exceeding said sum of $1,150, such payment to be accepted by said party of the second part as liquidated damages for any breach of this agreement by the said parties of the first part, and in event of the failure of said parties of the first part to so deliver said deed at the time herein stated, said party of the second part hereby agrees to surrender possession of said premises within fifteen days from June 26th, 1894, to James Tyrrell, one of the said parties of the first part hereto. And the said party of the second part shall not, under any circumstances, be held to be liable for any rental for the occupancy of said premises."

The Irish defendants refused to execute the deed, without assigning reason for their refusal. After due tender of performance of the agreement of May 8th upon his part, the complainant filed his bill in this suit, and thereupon motion was made under rule 213, in lieu of demurrer, to dismiss the bill, upon the contention that, by the agreement of May 8th, the parties had expressly stipulated the measure of damages which would result from the defendant's non-performance of the agreement, and that, therefore, equity would leave the complainant to the recovery of those damages, on the ground that an appeal to equity was unnecessary, since, by agreement, the legal relief had been rendered adequate. I denied the motion for the reason that the liquidated damages were provided against "*failure*" of the defendants to perform, and I could not define the word "*failure*," as used, to mean their willful refusal to perform the agreement. I deemed the word to predicate action which should involve *bona fide* effort on their part to perform. *8 Dick. Ch. Rep. 15.*

Tyrrell *v.* O'Connor.

The defendants have since answered the bill. They admit that they severally signed the power of attorney, but deny its validity because of the irregularity of the certificate of acknowledgment, which, they assert, was because of defective acknowledgment.

It is alleged in the answer that the provision in the agreement of May 8th respecting the complainant's surrender of possession in the event of the defendants' failure to deliver a deed was because of the uncertainty whether some of the defendants, other than James Tyrrell, would " sanction the sale, and execute the deed."

Upon this allegation, testimony was taken by both defendants and complainant. It is clear that the testimony does not substantiate the allegation in the answer; I therefore deem it unnecessary to consider whether it was admissible.

We are thus brought to the consideration of the two propositions mainly relied upon by the defendants—first, that proper proof or acknowledgment of the power of attorney was necessary to its validity, and second, that the power of attorney did not authorize James Tyrrell to bind his principals to execute a deed.

The language of the statute relied upon in support of the first of these propositions is this :

"And all lands, tenements or other hereditaments that for the time to come shall be sold, conveyed or disposed of by virtue of such powers or authorities as aforesaid, such powers shall be first proved and entered upon the public records, after which all grants and conveyances made pursuant to the powers thereby granted shall be deemed, taken and esteemed as good, valid and sufficient titles," &c

The scope of this statute is the invalidation of a conveyance made under a power of attorney which shall not first have been proved and recorded. It is the conveyance, not the power of attorney, which is invalidated. The power of attorney remains valid, but not effective for the purpose of conveyance until it shall be proved and recorded.

I find nothing in the opinion of Chief-Justice Hornblower, in *Earle* v. *Earle, supra,* which does not accord with this view.

It is not necessary that the authority of an agent to bind his principal by written agreement to convey, shall be in writing, proved and recorded.   Such authority may be given by parol. *Long* v. *Hartwell, 5 Vr. 116; Milne* v. *Kleb, 17 Stew. Eq. 378.* It is necessary, however, that the intent of the donor of the power, that the agent shall have authority to bind him to convey, shall clearly appear.   Mere authority to sell, without more, does not exhibit such intent.   *Milne* v. *Kleb, supra; Marsh* v. *Buchan, 1 Dick. Ch. Rep. 600.*

By reference to the power of attorney in this case, it is plain that the design was to give James Tyrrell ample power to deal with and dispose of the property in question.   He was a part owner and his discretion was trusted.   The design was that he should secure the leasing, mortgaging, selling and conveyance of it upon terms within his discretion, and to that end the " leases, deeds, conveyances, bargains and sales " which he should make would be ratified and confirmed.

I think that under such a power the written contract that the principals should convey was authorized. *1 Am. & Eng. Ency. L. 1011.* It was a bargain concerning the subject of the power, within the end designed, which was ratified and confirmed by the power.

My conclusion is that the complainant is entitled to specific performance.   It will be decreed.

*Mr. William H. Corbin,* for the appellants.

*Mr. John Garrick,* for the respondent.

PER CURIAM.

Decree affirmed, for the reasons given in the court of chancery.

*For affirmance*—DEPUE, LUDLOW, BOGERT, HENDRICKSON, KRUEGER, NIXON, VREDENBURGH—7.

*For reversal*—THE CHIEF-JUSTICE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, VAN SYCKEL, ADAMS—7.