ZEBA LIPKOWITZ *vs.* DORA FREEDMAN.

Third Judicial District, Bridgeport, October Term, 1921.
WHEELER, C. J., BEACH, GAGER, CASE and CURTIS, Js.

An agency to sell real estate—in the present case from a wife to her husband—may be created by parol, and when so established carries with it power to sign a written contract or memorandum of sale binding upon the principal.

Where such agency is general with unlimited discretion in the agent, it need not be specific as to the description or location of the property or the terms of sale.

Where the parties to a sale of realty constituted the attorney who drew the contract as agent of each to hold it until certain conditions were fulfilled, delivery of it to such agent was delivery to the seller.

Declarations made by a general agent relative to the subject of the agency and made in its course, are admissible in an action against the principal for specific performance of a contract made by the agent.

Argued October 27th, 1920—decided April 5th, 1921.

SUIT for specific performance of an agreement to convey land, or for damages for its breach, brought to and tried by the Superior Court in New Haven County, *Greene, J.;* facts found and judgment rendered for the plaintiff, for a decree for conveyance of said land, and appeal by the defendant. *No error.*

The plaintiff and defendant were the joint owners of number 40 Gilbert Street, New Haven. Plaintiff employed Mr. Koletsky, an attorney, to make an amicable adjustment with the defendant of their differences regarding this property and to put an end to the tenancy in common therein. Koletsky wrote defendant requesting her to call at his law office on December 11th regarding these matters. At the time named the defendant came to Koletsky's office, and he told her that Mrs. Lipkowitz, the plaintiff, was going to either buy the house or sell it, and the defendant might have the choice of buying or selling it at the highest price either would give the other, and that each could avoid a lot of trouble by both agreeing to buy or sell to the other at the highest figure. The defendant replied to this: "I am satisfied, but when it comes to buying or the selling of the house, my husband has everything to say, he is the boss."

Koletsky and the defendant then arranged a time when the defendant's husband could come "to make an end of this." At the time named Mr. Freedman came to Koletsky's office and said: "I have everything to do with the property. . . . Mrs. Freedman sent me. I came to do what is necessary. What is your plan?"

Plaintiff and Freedman then agreed that Koletsky

should act for both owners and sell to the highest bidder.

Plaintiff finally offered $4,700, and this bid was the highest, and Freedman said to the plaintiff: "You can have it with good luck."

Koletsky figured out the necessary adjustments after arriving at figures agreed to by the parties, and prepared a bond for a deed. Freedman refused to sign the instrument until he had received $50 from the plaintiff, and the plaintiff refused to pay until Freedman had signed. Plaintiff and Freedman agreed to leave the $50 with the bond for a deed until the deed should be drawn and delivered when the $50 should be paid. Plaintiff signed the bond, and the defendant signed Mrs. Dora Freedman by Jacob Freedman her duly authorized agent.

On the night of December 14th Freedman informed his wife, the defendant, of what he had done at Koletsky's office. The bond for a deed required the defendant to deliver to plaintiff a warranty deed on or before January 1st, 1919, and on December 31st, 1918, the plaintiff duly tendered the defendant the amount due under the contract, exhibit A. Defendant refused to accept the money.

The court reached the following conclusions: The defendant duly authorized her husband to act as her agent in selling her interest, or in buying the plaintiff's interest, in the property, and in executing and delivering a written agreement for that purpose. Defendant and her husband each severally represented to the plaintiff and to her attorney that Freedman, husband of the defendant, was duly authorized to contract for the sale of the defendant's interest in, or for the purchase of plaintiff's interest in, said property. Defendant became dissatisfied with the price and refused to make conveyance and attempted to extort a larger price.

*Joseph I. Sachs* and *Harry L. Edlin,* for the appellant (defendant).

*Filbert L. Rosenstein* of Paterson, New Jersey, with whom was *Joseph Koletsky,* for the appellee (plaintiff).

WHEELER, C. J. The basic error upon which the defendant's appeal rests is the court's ruling that Mr. Freedman's authority to sell the defendant's interest in this real estate could be created by parol. The ruling was correct. In specific performance upon an agreement signed by an agent in the absence of statutory provision, the agency may be established by parol. The agency may be proved in the same manner as an agency in any other transaction. When the agency is thus established, a written contract or memorandum signed by the agent so created will bind his principal. *Newton* v. *Bronson,* 13 N. Y. (3 Kernan) 587, 593; *Hawkins* v. *Chace,* 36 Mass. (19 Pick.) 502, 505; *Tyrell* v. *O'Connor,* 56 N. J. Eq. 448, 41 Atl. 674; *Worrall* v. *Munn,* 5 N. Y. 229, 239; *Brandon* v. *Prichett,* 126 Ga. 286, 288, 55 S. E. 241; 2 Corpus Juris, 450.

The question did not directly arise in *Jacobson v. Hendricks,* 83 Conn. 120, 124, 75 Atl. 85, but in the course of the opinion we expressly accepted this as the established doctrine.

If the agency can be created by parol, the defendant asserts that it must be specific as to the description of the property, its location, and the terms of the sale, and these do not appear in the oral authorization to Freedman.

The rule invoked has no application to this case, since Freedman was a general agent of unlimited discretion in selling the defendant's interest in, or in buying plaintiff's interest in, these premises.

The defendant's claim that there never has been a

delivery of exhibit A, is refuted by the terms of the finding. Koletsky, in holding exhibit A, acted for each of the parties by their express authorization. Delivery to the agent under these circumstances is delivery to the principal.

Other errors, exclusive of rulings upon evidence, are controlled by findings adverse to the claims of defendant. The declarations of what Freedman said when in Koletsky's office, as testified to by Koletsky and Lipkowitz, are objected to as hearsay. When Freedman came to the office of Mr. Koletsky, he was the general agent of his wife, and hence his declarations relative to the subject of the agency and made in its course were admissible.

There is no error.

In this opinion the other judges concurred, except CASE, J., who concurred in the result, but died before the opinion was written.