The fifteen trustees of the Fidelity Liquidating Trust pray specific performance of a contract whereby defendant, Lucas, agreed to buy from them land on Park avenue in Ridgewood. He refused to accept the tendered deed on the ground that it did not convey marketable title, inasmuch as it was executed by only two of the fifteen trustees in whom the joint title was vested.
The Fidelity Liquidating Trust grew out of the Fidelity Title and Mortgage Guaranty Company of Ridgewood. The court of chancery took charge of the affairs of that company and eventually directed a sale of its assets to the fifteen trustees. Kipp v.Fidelity, c., Co., 116 N.J. Eq. 409; 117 N.J. Eq. 588. The declaration of trust, after full argument and consideration, was approved by the court in that cause. All the beneficiaries of the trust became such voluntarily; parties interested in the old company, who were unwilling to enter the trust, were paid in money their proportionate share of the sales price of the assets. I mention these facts because the question whether a deed signed by two trustees would convey marketable title depends in large part on the terms of the trust.
The trust indenture, article V, states: "The trustees shall be vested with the absolute and complete legal title to the trust estate and every part thereof, with all the rights and powers of absolute owners thereof, subject only to the purposes of this trust deed." Article VI: "A majority of the trustees shall have the power to do all acts and exercise all powers which could be done or exercised by all the trustees. The concurrence of a majority of the trustees shall be necessary to sell, exchange, assign, convey, mortgage, or pledge, all or any part of any mortgage or any interest in the real property of the trust." Then follow provisions for an executive committee and other committees and this limitation: "However, no power shall be delegated by the trustees, the exercise of which, *Page 145 
by express provision of this trust deed or declaration of trust, requires the concurrence of a majority of the trustees. * * * All contracts, agreements, conveyances, deeds, assignments, bonds, mortgages, and other instruments of every character made, or to be made, on behalf of the trust estate or the trustees, may be executed by any two of such of the trustees as may be designated from time to time by the trustees. The certificate in writing of any two of the trustees as to their own designation by the trustees to act or as to any resignation from, or other vacancy in the office of trustee, or as to the selection or qualification to act of any trustee, or as to any action taken by the trustees, or as to the concurrence therein of any number of the trustees, or as to the existence or non-existence of any modification of the trust deed, may always be relied upon as conclusive evidence in favor of all persons dealing in good faith with the trustee in reliance upon such certificate."
These provisions, taken together, clearly mean that the trustees, by majority vote, may make the decision to sell a piece of land for a certain price and that they may designate certain of their number, any two of whom may execute the deed and so carry into effect the decision of the majority. The bill of complaint does not expressly state that a majority of the trustees concurred in the sale to defendant, but it alleges that the complainants, namely, all the trustees, entered into the agreement with defendant, specific performance of which is sought. This allegation is admitted. The agreement itself, a copy of which is annexed to the bill, settles all the terms of the transaction; nothing remained undone except the ministerial act of executing the deed. The deed names the fifteen trustees as grantors, and is executed on their behalf by William K. Paton and M.J. Hartung, "designated trustees." Endorsed on the deed is this certificate, signed by the same two: "We, the undersigned, two of the trustees of Fidelity Liquidating Trust referred to in the above acknowledgment and who executed the within instrument, do hereby certify, pursuant to the provisions of said declaration of trust, that we have been designated by the trustees to make, execute and deliver the foregoing instrument and this certificate on their *Page 146 
behalf, and that a majority of said trustees have directed the execution of this instrument and that said authorization is still in full force and virtue."
Generally, where there are more trustees than one, all must join in any act which involves discretion and judgment. But, if it is so provided by the terms of the trust, powers conferred upon trustees can be exercised by a majority of them or even by a smaller number. Restatement of the Law of Trusts § 194; Bogerton Trusts 1761; 1 Perry on Trusts 687; 65 C.J. 667. The authority given by the indenture to a majority of the trustees to do all acts which could be done by all of the trustees is an effective provision. But defendant urges that, while the decision of the majority is binding on the minority, it can be made operative only by a deed which all fifteen sign. He relies on the passage from Perry above cited: "But an instrument of trust may contain express directions that the trust shall be administered according to the will of the majority of the trustees, in which case the minority will be compelled to give effect to the determination of the majority." The declaration of trust under consideration goes further; it authorizes a majority of the trustees not only to decide but also to act, and, in case of a sale, it empowers two trustees to execute a deed in order to give effect to the common will. Such provisions are in nowise illegal or contrary to public policy. All the beneficiaries of the trust, as well as the trustees, have consented and are bound. To prevent misunderstanding of the situation, I should perhaps add that no lack of harmony among the trustees appears. Unity is shown by their all joining as complainants. The execution of the deed by two trustees alone is a matter of convenience or practical necessity in the administration of this large trust, owning, as it does, several hundred parcels of land.
Defendant further contends that, since legal title is vested in all fifteen trustees as joint tenants, it can be divested by deed executed by but two of them only on the theory of agency, and then certain statutes are cited. First the statute of frauds, section 2 (2 Comp. Stat. 1910 p. 2610 § 2), that no estate in lands "shall be assigned, granted or surrendered, unless it be by deed or note in writing, signed by the party so *Page 147 
assigning, granting or surrendering the same, or his, or her, or their agent or agents thereunto lawfully authorized by writing, or by act and operation of law." The other statute is the Conveyances act, section 5 (2 Comp. Stat. 1910 p. 1535 § 5), declaring that, when lands shall be conveyed by virtue of "letters of agency, powers of attorney, or other powers or authorities whatsoever," "such powers shall be first proved and entered upon the public records in the books appropriate therefor in the several record offices of this state, after which all grants and conveyances made pursuant to the powers thereby granted shall be deemed, taken and esteemed as good, valid and sufficient titles." This statute has been held to render void a deed executed by attorney unless the power be first recorded.Earle's Adm'rs v. Earle, 20 N.J. Law 347, 361; Force v.Dutcher, 18 N.J. Eq. 401; Tyrrell v. O'Connor, 56 N.J. Eq. 448.
The declaration of trust duly executed and acknowledged by complainants has been recorded in the clerk's office of the county where the lands are situate. But no power of attorney naming the two gentlemen who executed the deed has been recorded and, in fact, it does not appear that any written authority naming them has been signed by the other trustees, or even by a majority of them. Therefore, if Mr. Paton and Mr. Hartung signed as agents or by virtue of a power within the meaning of either of the statutes, and if the trust indenture itself does not satisfy the statutes, the deed is not effective to convey marketable title.
The two who signed the deed are, it seems to me, more than agents. They are trustees who can, under the declaration of trust, convey the entire title. Certainly they cannot convey two-fifteenths in their own right and thirteen-fifteenths as agents; the title is single; they can convey all or none. Their position is analogous to that of officers of a corporation. Just as the authority of such an officer is derived from charter and by-laws, so theirs stems from the trust indenture which empowers two trustees to convey. The designation of the particular two by their fellow trustees is no more the grant of power than is the election of a president of a corporation by the board of directors. *Page 148 
In my opinion Mr. Paton and Mr. Hartung did not act as agents, or by virtue of a power within the statutes mentioned; but, if the contrary be the correct view, then the trust indenture is their warrant, signed and recorded.
Defendant lastly points out that the designation of the two trustees to execute the deed is not a matter of record in any public office of the state, and therefore, they say, the title will not be marketable. In New Jersey, a perfect record title is extremely rare. Most of our titles rest on the statute of limitations and proof of possession. Another common class of marketable titles dependent on matter in pais comprises those which have passed by descent. A marketable title is not necessarily one that can be fully established merely by recourse to public records. It is one, however, free from reasonable doubt arising from unsettled questions of law or doubtful facts.Rutherford Land, c., Co. v. Sanntrock, 44 Atl. Rep. 938;affirmed, 60 N.J. Eq. 471. There is no doubtful fact here. That the complainants named Messrs. Paton and Hartung to execute the deed is undisputed. That in years to come proof of this fact may become troublesome is no more reason for denying specific performance than is the prospective difficulty of proving the heirs of one who died seized intestate.
The deed carries marketable title. Complainants may have a decree. But, inasmuch as the litigation has been prosecuted to obtain judicial approval of their conveyancing methods and the outcome will be of value to the estate in future transactions, the complainants shall bear defendant's costs as well as their own. *Page 149