*262 OPINION.
Sternhagen:
The Commissioner held that the decedent had retained power to revest in himself title to the corpus of the trust, in that he could revoke the trust if he survived his wife, and on this ground cited section 166, Revenue Acts of 1934 and 1936, to support the inclusion in the petitioner’s income of part of the income of the trust. In this the respondent was in error. For the purpose of discussion it may be assumed, in exaggeration of the fact, that the entire corpus of the trust had been contributed by the decedent. However, by its terms the income was all to be distributed to his wife and the corpus was only to revert to him in the event that he survived her and exercised the power to revoke. Thus the power to revest in himself any part of the corpus of the trust was contingent upon his survivorship of his wife. Such a power it has been held is not within section 166. Corning v. Commissioner, 104 Fed. (2d) 329; John Edward Rovensky, 37 B. T. A. 702.
Before his wife’s death the power to revest any part of the corpus in the grantor rested not alone in the decedent but in him and his *263 wife together. She was the beneficiary of the entire trust income and, at her demand, of 5 percent of the corpus in any year. She was, therefore, unquestionably a person having a substantial adverse interest. Thus the condition of section 166 has been clearly avoided. Margaret A. Holmes, 27 B. T. A. 660; cf. Arthur F. Morton, 41 B. T. A. 742.
The portion of the trust income which, as shown by the notice of deficiency, was included in the decedent’s gross income for each of the years in question was improperly so included.

Decision will he entered vmder Rule 50.

Reviewed by the Board.[1]

 See p. 1448 for dissenting opinion.