ESTATE OF WILLIAM CHILDS, DECEASED, MORRISTOWN TRUST COM-
PANY, EXECUTOR, AND VICTORIA CHILDS, PETITIONERS, *v.* COMMIS-
SIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 102578.   Promulgated August 6, 1941.

*Sanford D. Beecher, Esq.*, for the petitioners.
*Albert H. Monacelli, Esq.*, for the respondent.

#### OPINION.

LEECH: Respondent has determined a deficiency of $1,837.64 in in-
come tax of the decedent, William Childs, for the calendar year 1936.
The decedent died a resident of Bernardsville, New Jersey.  He and
his wife filed a joint income tax return for that year with the collector
of internal revenue for the fifth district of New Jersey, at Newark,
New Jersey.  This deficiency arises as a result of respondent's in-
creasing the income reported on that return by the amount of a gain
realized from the sale of certain securities comprising a portion of
the corpus of a trust created by the decedent.  The only issue is
whether this gain received in 1936 by the trust is taxable to decedent as
grantor.

We find the facts as submitted by stipulation and two formal
exhibits.  Briefly, they are summarized as follows:

William Childs executed a deed of trust under date of February 7,
1929, naming himself, the Morristown Trust Co., and Victoria Childs,
his wife (now his widow), as cotrustees, and transferred to the
trustees certain property owned by him at that time.

The purpose as expressed in the trust was to make immediate and
independent provision for the grantor's wife, since the grantor had
sufficient other assets for his own personal needs.

Pertinent provisions of the uses and purposes of the trust were as
follows:

To hold and invest the same and keep the same safely invested and collect
the rents and profits therefrom and the income therefrom and after deducting

all proper charges and expenses, pay over the net income therefrom in quarterly installments, to the said Victoria Childs for life.

Upon the death of the said Victoria Childs, said net income shall be paid in quarterly installments to such person or persons next of kin of William Childs, grantor herein, or grantor himself for such time or times as the said Victoria Childs shall by her last Will and Testament designate and appoint. Should Victoria Childs default in making any appointment of said net income or if she makes such appointment, then upon the termination of the time designated by her for the payment of said net income, this trust shall terminate and the principal or corpus thereof shall be paid or distributed by the Trustees to and among such of the following person or persons in trust for life or otherwise and in such amount or amounts as the said Victoria Childs shall by her last Will and Testament designate and appoint, viz; Ellsworth Childs and/or his wife Dora Childs, Matthew O'Neill, Jack O'Neill, Annie Mealy, Basking Ridge Presbyterian Church, the children of Luther Childs, brother of the grantor, and the children of Maggie Pratt, sister of the grantor, also children of his brother Heman Childs, Chester C. Brown, Trustee under Deeds of Trust of September 11, 1923, and January 2, 1926.

In default of appointment of the corpus or principal of this trust, the Trustees shall, upon the death of Victoria Childs, pay and distribute the corpus or principal of this trust as follows:

(1) To the Morristown Trust Company, One hundred fifty thousand dollars ($150,000.) in kind or cash as my Trustees shall determine, to have and to hold the same in trust, to collect and receive the income therefrom, and to pay over the income to Ellsworth Childs so long as he shall live, and upon his death, if his wife Dora Childs shall be living, the said Trustees shall divide said corpus or principal of said One hundred fifty thousand dollars ($150,000.) into two equal parts: hold one part in trust, and collect and receive the income therefrom and pay said income to said Dora Childs so long as she shall live. The other equal part of said corpus or principal shall be paid and distributed to and among the children of Maggie Pratt, Luther Childs, and Heman Childs, sister and brothers of William Childs, and the issue of any of them that may be dead leaving issue surviving, share and share alike, per stirpes and not per capita, said distribution by representation to have reference to said sister and brothers of William Childs. Upon the death of Dora Childs, said equal part held in trust for her shall be paid and distributed by said Trustees to and among said children of Maggie Pratt, Luther Childs and Heman Childs, sister and brothers of William Childs aforesaid, and the issue of any of them that may be dead leaving issue surviving in the same manner as provided above.

(2) To Matthew O'Neill, Ten thousand dollars ($10,000.).

(3) To Jack O'Neill, Ten thousand dollars ($10,000.).

(4) To Annie Mealy, Five thousand dollars ($5,000.).

(5) To Basking Ridge Presbyterian Church, Five thousand Dollars ($5,000.).

(6) The balance to and among the children of Maggie Pratt, Luther Childs, and Heman Childs, sister and brothers of William Childs, and the issue of any of them that may be dead leaving issue surviving, share and share alike, per stirpes and not per capita, said distribution by representation to have reference to said sister and brothers of William Childs.

The trustees were given the further power under the trust indenture:

To return or repay to the grantor, William Childs, or his nominee, any part or all of the corpus or principal composing said trust in kind or cash at such time or times and in such amounts as the Trustees shall determine upon the written request therefor by the said William Childs.

The trust instrument as originally executed carried the following provision:

The grantor, William Childs, has the right at any time or times, if not satisfied with the management of the trust hereby created, or for any or no cause whatever, to remove any one or all of the Trustees named herein or their successor or successors upon five days' written notice, and to appoint, designate, or select other trustee or trustees. Provided, however, that at no time shall the grantor be sole trustee.

In 1931 the trust sustained a loss from the sale of securities. In connection with the settlement of the tax liability of the grantor for that year the respondent, on the basis of the grantor's contentions, allowed the loss as a deduction in the grantor's tax return on the theory that the grantor had power under the trust instrument to revest title to the trust property in himself.

In the following year, by an agreement dated November 2, 1932, executed by all three trustees, the last provision of the trust as set out above was altered and the power of the grantor restricted to the extent that he could only "remove the corporate trustee named herein or its successor or successors." The grantor never changed or attempted to change any trustee or appoint a successor or substitute an additional trustee at any time; nor did he request at any time the repayment or return of any part of the corpus or principal of the trust, and such repayment or return was never made to him.

The grantor and his wife, Victoria Childs, lived together as man and wife from the time of their marriage on January 28, 1928, to the date of his death. He died on May 22, 1938, and letters testamentary were issued to the Morristown Trust Co. pursuant to his last will and testament, which was duly admitted to probate.

In 1936 a gain was realized from the sale of certain securities comprising a portion of the corpus of the trust. In their income tax return for the calendar year 1936 the trustees reported the sale of these securities and the resulting gains realized therefrom and paid a tax thereon as income of the trust.

The grantor and his wife filed a joint income tax return for 1936 and respondent increased the income reported thereon by the amount of these gains on the ground that such gains constituted income taxable to the grantor of the trust. This resulted in the determination of a deficiency of $1,837.64 in income tax for the calendar year 1936.

A gift tax return for the year 1932 was not filed by William Childs in 1933, but was filed by his executor in 1939.

The sole issue is whether the capital gain of the present trust resulting from its sale of securities in 1936, is taxable to the grantor for that year, under sections 166, 167, or 22 (a) of the Revenue Act of 1936.

Section 166 imposes a tax on the grantor of a trust "Where at any time the power to revest in the grantor title to any part of the

corpus of the trust is vested—(1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest * * *." This trust, as it existed during the taxable year 1936 after the amendment of 1932, provided that the grantor, upon written request, could have returned or repaid to himself or his nominee, "any part or all of the corpus or principal" of the trust, "at such time or times and in such amounts *as the Trustees shall determine.*" [Emphasis supplied.]

Petitioners contend that no part of the corpus could have been so returned to the grantor without the joinder of Victoria Childs, his wife, one of the trustees, and that she was the holder of "a substantial adverse interest."

Of course as to whether such a discretionary act may be performed by fewer than all of the trustees rests upon the intent of the grantor of the trust as ascertained from its content. In so determining this intent where there is more than one trustee, and no contrary intent is expressed in the trust instrument, the general rule, as stated in section 194 of the Restatement of the Law of Trusts (1935), is that "action by all of them is necessary to the exercise of the powers conferred upon them as trustees. If one of them refuses to concur in the exercise of a power, the other can not exercise the power * * *." See also Perry on Trusts and Trustees, vol. 1, p. 687; Bogart on Trusts and Trustees, vol. 3, sec. 554. This rule is followed in New Jersey. *Daybill* v. *Lucas*, 187 Atl. 734; 121 N. J. Eq. 143; *Carr* v. *Hertz*, 33 Atl. 194; 54 N. J. Eq. 127.

Here the right to determine how much if any of the corpus should be returned to the grantor upon his written request as well as the exercise of the many other powers of the trustees was not conferred by the trust instrument on fewer than all of the trustees. That the absence of such provision was deliberate and intended as requiring joint action of all the trustees appears clear. The purpose of the trust was "to make immediate and independent provision for Victoria Childs, the wife of the grantor." She was the sole beneficiary of current income. She was given a very substantial right respecting the corpus and income in her limited power of testamentary appointment of it. Cf. *Meta Biddle Robinette*, 44 B. T. A. 701. In the original trust instrument the grantor reserved the right to remove any or all the trustees and appoint others, so long as the grantor was not the sole trustee. By amendment, in 1932, this power was denied except as to the corporate trustee. Thus if fewer than all of the trustees could have acted upon the grantor's request for corpus prior to the amendment of the trust in 1932, there would have been no reason for that amendment since, in such case, the grantor would have had identically the same rights respecting corpus whether or not he removed his wife as trustee. Therefore, aside from the fact

that the trust instrument contains no provision enabling fewer than all of the trustees to exercise their authority, including that of determining what part if any of the corpus is to be returned to the grantor, it seems to us that the intention of the grantor evidenced by the 1932 amendment of the trust was that thereafter no part of the corpus could be returned to the grantor without the consent of his wife, Victoria Childs.

Was her interest in the corpus "a substantial adverse interest" to that of the grantor? We think it was.

It may be that more substance is required to include the interest of a wife as within the quoted expression, than that of another. Cf. *Helvering* v. *Clifford*, 309 U. S. 331. But, as the Circuit Court for the First Circuit states in *Commissioner* v. *Prouty*, 115 Fed. (2d) 331:

* * * we cannot read into the gift tax, any more than into Sections 166 and 167, the proposition that a member of the grantor's immediate family can never be deemed to have "a substantial adverse interest."

Here the grantor retained no control over the corpus or income of the trust or its investment. He kept no voting rights of the transferred securities or other indicia of ownership. There was no lack of substance and reality in the interest of Victoria Childs as a beneficiary. She was not only the exclusive beneficiary of current income, but had a limited power of appointment over income as well as trust corpus. As such a beneficiary, we think, she had an interest in the corpus substantially adverse to that of the grantor, even though she was his wife. *Estate of Isaac Fish*, 42 B. T. A. 260;[1] *Commissioner* v. *Prouty, supra; Jane B. Shiverick*, 37 B. T. A. 454. Cf. *Altmaier* v. *Commissioner*, 116 Fed. (2d) 162; *Fulham* v. *Commissioner*, 110 Fed. (2d) 916; *Commissioner* v. *Caspersen*, 119 Fed. (2d) 914, reversing 40 B. T. A. 759. We hold that section 166 is not applicable.

The taxable income of this trust, in the form of capital gains, was to be added to the corpus and thus become distributable as such. On that premise, are they taxable to the grantor under section 167? Though respondent properly raised this question at the hearing, he has not touched it on brief and, in any event, we think it must be resolved against him.

Under no possible construction of the trust agreement of which we are aware could the grantor have ever received more than the income from these accumulated capital gains. That alone would conclude the respondent on this issue. *Frances S. Willson*, 44 B. T. A. 583. Moreover, even that income could not go to the grantor except by the voluntary testamentary act of Victoria Childs, and if she predeceased the grantor. Such an interest, if it may be even so characterized,

[1] It is noted that this case was decided four months after the decision of the Supreme Court in the *Clifford* case, *supra,* and the Commissioner has acquiesced therein. C. B. 1940–2, p. 4. (1940–52–10529).

certainly is not sufficiently substantial upon which to base a tax under section 167. *John P. Wilson*, 42 B. T. A. 1260.

Was this trust or the transfer thereto so lacking in substance and reality as to warrant the taxing of its capital gains to the grantor under the rule of *Helvering* v. *Clifford, supra?*

Respondent supports his position on this issue by the argument that the trustees were granted unusually broad powers and that the grantor was a trustee. But he could not be sole trustee. See *George H. Deuble*, 42 B. T. A. 277. And, the exercise of any of the powers of the trustees required the joinder of all of them, including Victoria Childs, the wife of the grantor who, as we have seen, had an interest substantially adverse to that of the grantor. Any power possessed by decedent as trustee was negative only. Cf. *Frank E. Wolcott*, 42 B. T. A. 1151.

The lack of retained control by the grantor, the substance and reality of his wife's interest in corpus and income, the fact that this trust was not for a short term but for her life, and other facts disclosed here and already discussed, pointedly distinguish this case from *Helvering* v. *Clifford, supra*, and compel the conclusion that the contested capital gains here are not taxable under that rule. *Commissioner* v. *Branch*, 114 Fed. (2d) 985; *Helvering* v. *Achelis*, 112 Fed. (2d) 929. Cf. *Commissioner* v. *Buck*, 120 Fed. (2d) 775.

Reviewed by the Board.

> *Decision will be entered for the petitioners.*

SMITH and OPPER dissent.