CHASE BRASS & COPPER WORKERS' UNION, LOCAL No. 565
v. CHASE BRASS & COPPER COMPANY, INC.

SUPERIOR COURT      NEW HAVEN COUNTY      FILE No. 16974
(AT WATERBURY)

Memorandum filed May 1, 1947.

*Thomas R. Robinson,* of New Haven, for the Plaintiff.

*Bronson, Lewis, Bronson & Upson,* of Waterbury, for the Defendant.

KING, J. It was agreed in open court by all parties that the only question now to be determined under the amended demurrer is the legal sufficiency of the allegations of paragraph 3, subdivision (b), of the complaint, and that the only paragraphs of the amended demurrer addressed to that question are paragraphs 2, 5, 6, and 7.

The question thus becomes, in effect, whether, under the law of Connecticut, (1) it is lawful to have a so-called "involuntary check-off" as to any employee who has failed to make an individual assignment of wages corresponding to the amount to be deducted weekly as union dues; and (2), if so, whether such an individual authorization or assignment must be in writing.

It is agreed that the plaintiff and defendant duly signed and executed the written contract and that in so doing the plaintiff was recognized as the exclusive collective bargaining agency for all union employees of the defendant as to all conditions of employment, including matters of wages and rates of pay.

Under the provisions of Exhibit A, Article VII, page 8, the so-called "involuntary check-off" was provided for as to all union members who did not resign from the union within the seven days' period provided on page 9. Pursuant thereto, the defendant deducted from the union employees' pay union dues for and including the month of March, 1947.

Article XXIV of the contract provides that any provision "not in compliance with any State . . . law shall be inoperative to the extent that such provision may be at variance therewith." Thus, if the so-called "involuntary check-off" provisions are in conflict with the state law they are, pro tanto, to be eliminated from the contract.

In Connecticut, assignments of wages and the payment of wages to employees for many years have been subject to statutory restriction and regulation.

Wage payments are governed by General Statutes, §§ 5204, 5205, as amended by Cum. Sup. 1935, 1606c, and § 5206. For present purposes it is enough to note that the general effect of these sections is to require weekly wage payments of the full amount then owing and reasonably ascertainable, and to forbid unauthorized or illegal deductions or withholdings. Through the years they have never been construed as prohibiting assignments of wages.

Assignments of wages were for many years surrounded with elaborate safeguards, including a requirement that they be signed and acknowledged by the assignor. General Statutes, § 4706. Some changes were made in 1933 by what is now Cum. Sup. 1935, § 1576c. In 1939, by subsection (h) of § 1414e, Cum. Sup. 1939, such assignments were declared void. Subsequently, in 1945, subsection (h) of 1414e was re-enacted, with amendment, in § 1004h, Sup. 1945. The amendment involved the addition of an exception to the broad provision rendering wage assignments void, reading as follows: " . . . provided this section shall not prevent the regular deduction of specified amounts from wages or salaries for the payment of union dues in accordance with the terms of a duly executed contract between an employer and his employees or their collective bargaining agent."

The claim is made that an assignment must be in writing and signed by the individual employee. This probably would have been so under our former law (§ 1576c). But under § 1414e (h) all wage assignments mere made void, and quite logically all statutory requirements as to their form were repealed. The amendment of 1945 (§ 1004h) provided that all assignments were to be void except of the particular type popularly known as the check-off. But these were not hemmed in with any of the former statutory restrictions as to form. Thus any wage assignment in form such as to be valid at common law is now valid provided it falls, as to subject matter within the proviso of § 1004h.

In the contract, the defendant in terms agrees to the deduction of union dues from the wages earned by its union employees. And on pages 8 and 9 provisions appear specifying the amounts so to be deducted and setting forth the employees (i. e., union members) from whose pay such deductions are to be made.

By joining the union, or remaining in it for the seven days' period provided on page 9 of the contract, a union employee

.ratifies the contract and agrees to abide by its terms, including the provisions on page 8 as to check-off. He constitutes the plaintiff his collective bargaining agent. He agrees to the deduction, and so necessarily makes an assignment to the plaintiff of the amounts so to be deducted and ratifies the plaintiff's action in executing the contract providing for such deductions.

Counsel furnished no authorities, and the court has found none, holding that there is any common-law rule that an assignment must be separate and individual as to each assignor. It is enough if there is an assignment, whether it be individual, or collective on the part of a group. Indeed, the amendment in § 1004h obviously contemplates a contract by a "collective bargaining agent" acting on behalf of the employees.

At common law an assignment might be by parol, even though involving a written instrument. *Travelers Ins. Co. v. Mayo,* 103 Conn. 341, 349; 4 Am. Jur., §§ 77, 79; Restatement, 1 Contracts §-157. In this case the assignment is to be of earnings in futuro and not of any written instrument. 4 Am. Jur. §§ 41, 44. No written assignment is therefor necessary.

It does not appear that an employee, in becoming a member of the union, has to sign any authorization or membership. However, even if he does not it is immaterial on the question of law here presented, however important it might be in ascertaining whether or not he is a member under the arbitration provisions set forth on page 9. This is because even in cases where the validity of a contract is dependent upon the written signature of the party to be charged, oral authority to sign may be given to a third party. *Lipkowitz* v. *Freedman,* 96 Conn. 84, 87. So that, even if a written assignment were necessary, Exhibit A suffices as such as to each union employee.

For the foregoing reasons it is held (1) that under the provisions of § 1004h there are no statutory requirements as to the form of an assignment of future wages falling within the proviso of that section; (2) that any assignment good at common law is sufficient; (3) that a collective or group assignment is good at common law; (4) that an oral assignment is good at common law; (5) that the contract (Exhibit A) suffices as such an assginment as to any employee who is a member of the union; and (6) that even if a written assignment were required, the contract (Exhibit A) suffices as such an assignment as to any such employee.

For the foregoing reasons the demurrer is overruled on all grounds.