### MARY J. McCULLOUGH *vs.* MELVILLE C. HITCHCOCK.

Third Judicial District, Bridgeport, Oct. Term, 1898.   ANDREWS, C. J.,
     TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A written request to a broker to find a purchaser for certain real estate,
    does not confer upon him any implied authority to sign a contract
    of sale binding upon his principal.

Argued November 4th, 1898—decided January 4th, 1899.

SUIT to enforce the specific performance of an agreement to sell certain real estate, brought to the Court of Common Pleas in Fairfield County and tried to the court, *Curtis, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings of the court. *No error.*

The complaint alleged that the defendant, on the seventh day of July, 1897, acting by his agents and brokers Ander-

son & Mead, agreed in writing to convey to her, free from incumbrances, certain lands in consideration of $1,100; that the plaintiff tendered said sum to the defendant, but that he refused to convey said land; and claimed a decree for a conveyance, or that the title be otherwise vested in the plaintiff, and damages.

The answer denied, in substance, all the complaint, and specifically denied that Anderson & Mead were his agents; and asserted that if they had ever made any such contract with the plaintiff as she claimed, they had no authority therefor from the defendant.

The court found the issues for the defendant, and the plaintiff appealed.

Upon the trial of the cause the plaintiff, to prove the averment of her complaint, offered in evidence a certain letter as follows:—

"ANSONIA, CONN., Nov. 23, 1896.

"MESSRS. ANDERSON & MEAD,

"*Bridgeport, Conn.*

"*Gentlemen:* I have a building lot on William St., E. D., that I would like to sell if I can do so at any advantage. It is located next to the residence of S. W. Hubbell, 268 Wm. St. As I am not a resident of Bpt. I do not know the value of said lot, but could you not look at the lot and give me an idea of its value and if possible find a purchaser for same.

"Yours truly, M. C. HITCHCOCK."

It was admitted that the defendant was the owner of the land, and that Anderson & Mead were real estate agents or brokers.

*Stiles Judson, Jr.*, for the appellant (plaintiff).

Authority to do a particular thing, whether it involves the sale of property or some other duty, carries with it the implied power to do whatever is ordinarily done in the consummation of the business to be performed. The agent cannot execute a deed, because his authorization lacks the necessary formality to empower him to execute and deliver such an in-

McCullough *v.* Hitchcock.

strument as a deed, but he can with propriety bind the authorized sale, and such is the universal practice among all real estate brokers. The express power carries with it all that is reasonably necessary or proper to give legal effect to the expressed power. *Benjamin* v. *Benjamin*, 15 Conn. 356; Whart. Agency, §§ 126, 188, 190; *Haydock* v. *Stow*, 40 N. Y. 370; *Johnson* v. *Dodge*, 17 Ill. 441; *Stewart* v. *Wood*, 63 Mo. 256; *Pringler* v. *Spaulding*, 53 Barb. 22; *Smith* v. *Allen*, 86 Mo. 189; *Lyon* v. *Pollock*, 99 U. S. 669; *Force* v *Dutcher*, 18 N. J. Eq. 401; *Yanada Heirs* v. *Hopkins*, 1 J. J. Marsh. 285; *Mann* v. *Robinson*, 19 W. Va. 49; *Valentine* v. *Piper*, 22 Pick. 93; *Yerby* v. *Grigsby*, 9 Leigh (Va.), 387; *Hemstreet* v. *Burdick*, 90 Ill. 444; 1 Amer. & Eng. Ency. of Law, 1011; 2 Pars. Cont. 291; Sto. Agency, Chapter 6; 26 Amer. L. Reg. 546.

*Alfred B. Beers*, for the appellee (defendant).

An ordinary broker, employed to sell land, has only authority to find a purchaser; he cannot bind his principal by an agreement to sell. *Duffy* v. *Hobson*, 40 Cal. 240; *Rutenberg* v. *Main*, 47 id. 213; *Armstrong* v. *Law*, 76 id. 616; *Lindley* v. *Keim*, 54 N. J. Eq. 418–423; *Carstens* v. *McReady*, 1 Wash. St. 359; *Malone* v. *McCullough*, 15 Colo. 460; *Milne* v. *Kleb*, 44 N. J. Eq. 378; Mechem, Agency, § 966; *Morris* v. *Rudely*, 20 N. J. Eq. 238; *Halsey* v. *Monteiro*, 92 Va. 581; *Coleman* v. *Garrigues*, 18 Barb. 61–68; *Grant* v. *Ede*, 85 Cal. 616; *Kramer* v. *Blari*, 88 Va. 456; *White* v. *Templeton*, 79 Tex. 454; *Harner* v. *Sharp*, 19 L. R. Eq. 108; *Bosseau* v. *O'Brien*, 4 Bissell, U. S. C. C. 395; *Ryon* v. *McGee*, 2 Mackey, D. C. 17; *Hamilton* v. *Cutts*, 6 id. 208; *Stewart* v. *Pickins*, 73 Iowa, 652; *Mannix* v. *Hildrith*, 2 Ct. App. D. C. 275.

Andrews, C. J.    Anderson & Mead had no authority to make a written contract binding on the defendant to convey the land in question, unless it can be found in the letter of November 23d, 1896.    That letter does not in terms purport to give any such authority.    The contention of the plaintiff is that such authority is implied from the request in the let-

ter to find a purchaser; that it is a custom of the real estate business that a broker authorized to find a purchaser for lands may sign a binding contract for the sale of that land. We do not understand any such custom to exist in this State. A custom can exist only as a matter of fact. *Smith* v. *Phipps*, 65 Conn. 302, 307. There is no finding that any such custom prevails in Connecticut; and there is no case cited which recognizes any such rule.

A real estate broker or agent, is one who negotiates the sales of real property. His business, generally speaking, is only to find a purchaser who is willing to buy the land upon the terms fixed by the owner. He has no authority to bind the principal by signing a contract of sale. A sale of real estate involves the adjustment of many matters besides fixing the price. The delivery of the possession has to be settled; generally the title has to be examined; and the conveyance with its covenants is to be agreed upon and executed by the owner. All of these things require conferences, and time for completion. These are for the determination of the owner, and do not pertain to the duties and are not within the authority of a real estate agent. For these obvious reasons, and others which might be suggested, it is a wise provision of the law which withholds from such an agent, as we think it does, any implied authority to sign a contract of sale in behalf of his principal. *Coleman* v. *Garrigues*, 18 Barb. (N. Y.) 60; *Roach* v. *Coe*, 1 E. D. Smith (N. Y.), 175; *Lindley* v. *Keim*, 54 N. J. Eq. 418, 423; *Duffy* v. *Hobson*, 40 Cal. 240; 4 Amer. & Eng. Ency of Law (2d ed.), 964, note; 3 Wait's Actions & Defenses, 286, 287; *Halsey* v. *Monteiro*, 92 Va. 581; *Armstrong* v. *Lowe*, 76 Cal. 616.

There is no error.

In this opinion the other judges concurred.