M. A. JONES, Appellant, *vs.* THOMAS W. HOWARD, Appellee.

*Opinion filed April 23, 1908—Rehearing denied June 5, 1908.*

1. PRINCIPAL AND AGENT—*authority to find a purchaser is not authority to bind principal by contract.* A real estate agent employed to find a purchaser for land, although the terms of sale are fully prescribed, does not have authority to execute a contract of sale which binds the owner of the land.

2. SAME—*letter authorizing agent to act must be strictly construed.* In construing a letter authorizing an agent to act for the owner of land with reference to selling the same, every word must be considered in determining the authority conferred, and the letter will be strictly construed and the authority thereby conferred will not be extended.

3. SAME—*when contract merely authorizes agent to find a purchaser.* A writing sent by the owner of land to an agent saying, "Please assist me to sell my property described below until sale is made and properly closed; I hereby authorize you to sell same, * * * it being understood that I may withdraw it from sale by payment of one-half of said commission," etc., followed by a de-

scription of the property and terms of sale, does not authorize the agent to bind the owner by contract but only to find a purchaser, there being an encumbrance on the property and several other questions to be settled before a conveyance could be made. (*Johnson* v. *Dodge*, 17 Ill. 433, distinguished.)

4. COSTS—*when defendant is not chargeable with costs before master.* The fact that a defendant to a bill for specific performance answers without demurring but later files a demurrer when the complainant, after the cause had been referred to the master, amended his bill, and later amended again by striking out the first amendment, does not require that the costs before the master be awarded against the defendant upon his demurrer being sustained.

DUNN and CARTWRIGHT, JJ., dissenting.

APPEAL from the Circuit Court of Sangamon county; the Hon. J. A. CREIGHTON, Judge, presiding.

ALBERT SALZENSTEIN, and CONKLING & IRVIN, for appellee:

A formal instrument delegating powers to act for another is ordinarily subject to strict interpretation. 1 Am. & Eng. Ency. of Law, (2d ed.) 999; *Bissell* v. *Terry*, 69 Ill. 184.

Authority to a real estate broker to sell should not be construed as giving the broker authority to bind his principal by contract. 23 Am. & Eng. Ency. of Law, (2d ed.) 900, 901; 19 Cyc. 197, 294, 295; *Duffy* v. *Hobson*, 40 Cal. 240; *Armstrong* v. *Lowe*, 76 id. 616; *Grant* v. *Ede*, 85 id. 418; *McCullough* v. *Hitchcock*, 71 Conn. 401; *Mannix* v. *Hildreth*, 2 App. Cas. (D. C.) 259; *Jones* v. *Holladay*, id. 279; *Dotson* v. *Milliken*, 27 id. 500; *Campbell* v. *Galloway*, 148 Ind. 440.

E. S. SMITH, for appellant:

The Statute of Frauds and Perjuries declares that no action shall be brought to charge any person upon any contract for the sale of lands, unless such contract, or some memorandum thereof, shall be in writing, signed by the

party to be charged therewith, or some other person thereunto authorized in writing, signed by such party. Rev. Stat. chap. 59, sec. 2.

A written memorandum of a contract for the sale of land, signed by the party to be charged, and containing the names of the vendor and vendee, a description of the property sufficient to identify it and the terms and conditions of the sale, is sufficient, on its face, to satisfy the requirement of the Statute of Frauds and support a decree of specific performance. *Ullsperger* v. *Meyer,* 217 Ill. 262.

Authority to sell the land includes the necessary and usual means to make a binding contract in the name of the principal. *Johnson* v. *Dodge,* 17 Ill. 433; *Peabody* v. *Hoard,* 46 id. 243.

The word "sell" implies the making of a contract and its completion by conveyance. *Hemstreet* v. *Burdick,* 90 Ill. 444.

An agreement executed by an agent in his own name and for his principal may be enforced, in equity, against the principal. Pomeroy on Specific Per. sec. 128; Waterman on Specific Per. sec. 245.

Any kind of a document or documents, taken singly or together, may constitute the required memorandum. It may be by the proposal of one party and the acceptance of the other. 29 Am. & Eng. Ency. of Law, 851; *Telegraph Co.* v. *Railroad Co.* 86 Ill. 246; *Peabody* v. *Hoard,* 46 id. 243; *Cossit* v. *Hobbs,* 56 id. 232; *Ullsperger* v. *Meyer,* 217 id. 262.

Where property is encumbered or the vendor has not complete title, the purchaser is entitled to have the contract specifically performed as far as the vendor can perform it, and have abatement out of the purchase money for any deficiency in title, quantity, quality, or other matters touching the estate. *Lancaster* v. *Roberts,* 144 Ill. 213; *Kuhn* v. *Eppstein,* 219 id. 154; *Hunt* v. *Smith,* 139 id. 296; *Cowan* v. *Kane,* 211 id. 572.

· Though a power may be insufficient to authorize a con--
veyance of the property it may be sufficient to authorize
a contract for the sale of it, specific performance of which
will be enforced in equity.  1 Am. & Eng. Ency. of Law,
1007, 1011; *Watson* v. *Sherman*, 84 Ill. 263.

A chancellor, in taxing or apportioning costs in chan-
cery, exercises a legal discretion, which may be reviewed
on appeal if equitable principles are not observed.

The unnecessary costs made by the defendant should
have been taxed to him.  *Highley* v. *Deane*, 168 Ill. 266;
*Glos* v. *Shedd*, 218 id. 209.

· Mr. CHIEF JUSTICE HAND delivered the opinion of the
court:

This was a bill in equity filed by the appellant, against
the appellee, in the circuit court of Sangamon county, to
compel the specific performance of a contract to convey the
east half of lot 4, in block 25, of the old town plat of
Springfield, Illinois.  The court sustained a demurrer to the
bill and dismissed the same for want of equity, and the
complainant has prosecuted an appeal to this court.

Appellee, on August 2, 1904, was the owner of said
premises, and on that day placed the same in the hands of
T. C. Baker, Jr. & Co., real estate agents in Springfield,
for sale.  At that time he signed an instrument in writing,
which reads, in part, as follows:

"SPRINGFIELD, ILL., *Aug. 2, 1904.*

"*To T. C. Baker, Jr. & Co.*—Please assist me to sell my property
described below until sale is made and properly closed.  I hereby
authorize you to sell same, and agree to pay you when it is sold,
for your services and expenses of advertising, a commission of
four per cent of the price named below and one-half of all obtained
in excess of said price, and to furnish purchaser a good title and
complete abstract thereto; it being. understood that I may with-
draw it from sale by the payment of one-half of said commission of
four. per cent before sale is made.  * * *  Description: East half
of lot 4, in block 25, of the old town plat, 804-806 East Adams

street, Springfield, Illinois. * * * Price, $10,000; smallest cash payment will accept on time sale, $3500; balance mortgage for one year at six per cent. * * *

MR. T. W. HOWARD.'

"Accepted by T. C. Baker, Jr., of the firm.—*Aug. 2, 1904.*"

On the 29th day of March, 1905, the appellant made a proposition in writing to T. C. Baker, Jr. & Co. to purchase said premises, in the following form:

"SPRINGFIELD, ILL., *March 29, 1905.*

"*Mr. T. C. Baker, Jr. & Co., Agent for T. W. Howard.*

"GENTLEMEN—I hereby propose to purchase the east half of lot 4, in block 25, of the old town plat of Springfield, Ill., and will pay therefor $3500 in cash and $7500 to be secured by mortgage on said lot, due in one year, with interest at six per cent. I am ready to close the deal as soon as you can furnish me with good title and complete abstract thereto.

"Respectfully yours,

M. A. JONES."

—which proposition on the same day was accepted by T. C. Baker, Jr. & Co. as follows:

"*Mr. M. A. Jones, Springfield, Ill.*      "*March 29, 1905.*

"DEAR SIR—Attached hereto is a true copy of our authority to act as agents for T. W. Howard in the sale of lot 4, in block 25, of the old town plat of Springfield, Illinois. In so far as we are thereby authorized, we, as such agents, accept your proposition to purchase said property as contained in your letter of this date.

"Respectfully yours,

By T. C. Baker, Jr."      T. C. BAKER, JR. & Co.

There was attached to the foregoing letter of T. C. Baker, Jr. & Co. a copy of the original instrument which authorized T. C. Baker, Jr. & Co. to make a sale of said premises. The appellee refused to convey the premises to appellant, whereupon this bill was filed.

The main question discussed in the briefs of the parties is, did T. C. Baker, Jr. & Co. have the right, under the authority in writing given to them by the appellee, to execute a contract with the appellant, in writing, for the sale of said premises, which was binding upon the appellee and which would be specifically enforced by a court of equity? The

trial court answered that question in the negative, and we think correctly. The first clause of the letter of August 2 is: ."Please assist me to sell my property described below until sale is made and properly closed." These words can not be disregarded in determining the authority conferred by appellee upon T. C. Baker, Jr. & Co., but in determining this question every word and phrase in the letter must be considered and the letter strictly construed and the authority of said firm not extended beyond that clearly found in the letter as a whole. (*Bissell* v. *Terry,* 69 Ill. 184.) There were a number of things which the parties would have to settle before a conveyance of the property could be made. The property was encumbered to the amount of $7000, which would have to be adjusted, and nothing was said as to when possession of the premises was to be delivered. We think it clear, therefore, when all provisions of the letter of August 2 are considered, that all the defendant intended to authorize T. C. Baker, Jr. & Co. to do was to find a purchaser for his property, ·and that he did not intend T. C. Baker, Jr. & Co. should execute to such purchaser a contract for the sale of his property.

· The authorities seem to be of one accord that a real estate agent employed by the owner to find a purchaser for a tract of land, although the terms of sale are fully prescribed, does not have authority to execute a contract of sale which will bind the owner. (23 Am. & Eng. Ency. of Law,— 2d ed.—p. 900; 19 Cyc. 197, 294, 295; *McCullough* v. *Hitchcock,* 71 Conn. 401; *Stewart* v. *Pickering,* 73 Iowa, 652; *Furst* v. *Tweed,* 93 id. 300; *Campbell* v. *Galloway,* 148 Ind. 440; *Keim* v. *Lindley,* (N. J. Ch.) 30 Atl. Rep. 1063; *Halsey* v. *Monteiro,* 92 Va. 581; *Duffy* v. *Hobson,* 40 Cal. 244; *Grant* v. *Ede,* 85 id. 418; *Larson* v. *O'Hara,* 98 Minn. 71; *Fitzpatrick* v. *Gilson,* 176 Mass. 477.) In *Keim* v. *Lindley, supra,* the vice-chancellor said: "The mere employment of an ordinary real estate broker to effect the sale of a parcel of land, even though the price and terms

be prescribed, does not amount to giving present authority to such broker to conclude a binding contract for the same. Moreover, such authority is not usually to be inferred from the use by the principal and the broker, in that connection, of the terms 'for sale,' or 'to sell,' and the like. These words, in that connection, usually mean no more than to negotiate a sale by finding a purchaser upon satisfactory terms." In the *Halsey case,* the court, quoting from *McCullough* v. *Hitchcock, supra,* said: "A real estate broker or agent is defined to be one who negotiates the sale of real property. His business, generally, is only to find a purchaser who is willing to buy the land upon the terms fixed by the owner. He has no authority to bind the principal by signing the contract of sale. A sale of real estate involves many things besides fixing a price. The delivery of the possession has to be settled, generally the title to be examined, and the conveyance, with its covenants, to be agreed upon and executed by the owner, all of which require conference and time for their completion. They are for the determination of the owner, and do not pertain to the duty and are not within the authority of a real estate agent. For obvious reasons, therefore, the law wisely withholds from him any implied authority to sign a contract of sale on behalf of his principal." In the case of *Johnson* v. *Dodge,* 17 Ill. 433, and other cases relied upon by appellant, the agent was expressly authorized to make a sale and the agent had implied authority to execute a contract of sale in the name of the owner. Here the agent was not given express authority to make a sale, and those authorities are not in point.

We are of the opinion the court did not err in declining to specifically enforce the contract.

The complainant filed his bill and the defendant answered the same, and the case was referred to the master to take the evidence and report his conclusions. Subsequently the complainant amended his bill by stating therein

that the defendant had a homestead in the premises. Further evidence was taken before the master, and the bill was again amended by striking out the averment that the defendant had a homestead in said premises, whereupon the defendant demurred to the bill. Upon the demurrer being sustained the complainant moved the court to tax the costs made before the master to the defendant, on the ground that he had not demurred to the bill before it was amended. The court overruled the motion. In this we see no error. The defendant clearly had the right to determine his own method of defense without subjecting himself to a judgment for costs if the complainant's bill was ultimately held to be without merit.

The decree of the circuit court will be affirmed.

*Decree affirmed.*

DUNN and CARTWRIGHT, JJ., dissenting:

In some jurisdictions it has been held that even though an owner of real estate has authorized another to sell it, the latter cannot execute a contract of sale which will be binding on the owner. This court, however, has held in *Johnson* v. *Dodge,* 17 Ill. 433, that authority from the owner to sell land included the necessary and usual means to make a binding contract in the name of the principal, and in *Hemstreet* v. *Burdick,* 90 Ill. 444, that a power of attorney to sell land conferred power to convey it. To the same effect is *Peabody* v. *Hoard,* 46 Ill. 242. We do not think these cases should now be overruled. They establish in this State the proposition that authority to sell real estate includes authority to execute a binding contract of sale. In our judgment the demurrer to the bill should have been overruled.