JAMES McDERMOTT vs. NELLIE L. DRUMM.

Third Judicial District, Bridgeport, October Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, JS.

A real-estate broker employed to find a customer who is ready, willing and able to purchase the property upon the owner's terms, has no power, without special authorization, to bind the latter by signing a contract of sale.

The case of *McCullough* v. *Hitchcock*, 71 Conn. 401, approved and followed.

Submitted on briefs October 25th—decided November 30th, 1921.

ACTION to recover damages alleged to have been caused by the refusal of the defendant to convey certain real estate to the plaintiff, brought to and tried by the Superior Court in New Haven County, *Wolfe, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*Charles J. Martin,* for the appellant (plaintiff).

*Charles F. Roberts* and *Walter J. Walsh,* for the appellee (defendant).

PER CURIAM. The defendant placed for sale with James B. Kelly, a real-estate broker, her premises known as 695 Washington Avenue, New Haven, upon certain named terms. Thereafter the plaintiff, having seen Kelly's advertisement offering the premises for sale, called upon him and agreed to purchase the same upon the said terms, and paid Kelly $50 upon the purchase price, and thereafter Kelly gave to him the following instrument signed by him:—

"James B. Kelly, Dealer in Real Estate
"New Haven, Conn., Mar. 22, 1920.
"Paid to me James McDermott. On the property known as No. 695 Washington Avenue, West Haven,

Ct.   Purchase price to be paid for said property $8,000. To be paid down in cash in all $2,000.   All bills to be adjusted to date of sale.

"If I James B. Kelly fail to secure a good deed and title to the property I will return the deposit to purchaser, in which case purchaser waives all right, title, claims and demands against the said property and James B. Kelly, and this agreement will become null and void.

"If balance of money is not paid on or before 40 days from date purchaser agrees to forfeit deposit made.

                              "James B. Kelly."

Subsequently the defendant refused, while the plaintiff was at all times ready, willing and able, to carry out the terms of the agreement made with Kelly.   The plaintiff sues to recover damages for the breach of this agreement.   The theory of the plaintiff's case is that the agreement executed by Kelly and given to plaintiff was the agreement of the defendant.

In several particulars the assignment of errors, in finding certain facts, are well taken, but these do not affect the conclusion which we reach concerning this agreement.   And for the same reason the questions of evidence and variance become unimportant.   The action rests upon the agreement executed by a real-estate broker, and since we find this agreement not binding upon the defendant, all other questions raised upon the appeal become unnecessary of decision. Kelly was not constituted by the defendant as her agent to execute a contract of sale.   His employment was merely to find a purchaser ready, willing and able to purchase upon the given terms.   He had no implied authority to sign a contract of sale in behalf of the defendant.   The point was directly determined in *McCullough* v. *Hitchcock,* 71 Conn. 401, 404, 42 Atl. 81, where we said: "A real-estate broker or agent, is

one who negotiates the sales of real property. His business, generally speaking, is only to find a purchaser who is willing to buy the land upon the terms fixed by the owner. He has no authority to bind the principal by signing a contract of sale." The plaintiff attempts to distinguish the present case from this authority; he has failed, because he has attempted the impossible. There is no error.