(No. 16376.—Reversed and remanded.)
JOHN PETERS, Appellee, *vs.* LEO WINDMILLER, Appellant.

*Opinion filed December 16, 1924.*

1. BROKERS—*intention of parties determines whether broker has power to make contract of sale.* In a contract employing a broker to negotiate for the sale of property the intention of the parties will govern as to whether the broker is given authority to enter into a binding contract for the sale of the property in the name of the owner.

2. SAME—*who is a real estate broker.* A real estate broker is one who negotiates for the purchase or sale of real property.

3. SPECIFIC PERFORMANCE—*agent's authority to complete a contract for sale of real property must be clear and express.* Where an agent is given specific authority to complete a contract for sale of real estate on behalf of the owner, specific performance to enforce such contract will lie where the same is executed in accordance with such authority, but the agent's authority should not be allowed to remain in the realm of presumption or inference but should be clear and express.

4. SAME—*when broker is not authorized to contract for sale of property.* A written contract employing a broker "as the sole and exclusive agent for the sale" of certain described real estate, although the terms and price are prescribed and provision is made for revocation of the authority, does not give the broker the right to conclude a binding contract for the sale of the property.

APPEAL from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding.

J. KENT GREENE, for appellant.

LITSINGER, HEALY & REID, (ELBRIDGE W. RICE, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is a bill for specific performance of an alleged contract for the sale of real estate, by which appellee claims that appellant, through his agent, Thomas Novak, a real estate broker, entered into a binding agreement to sell cer-

tain property in Niles Center, Cook county. The chancellor found for appellee as to one-half the property described in the bill and ordered execution of a deed therefor, the property being held jointly by Windmiller and his wife, the latter of whom was not a party to the agency contract with Novak for the sale of the property. Appellant brings the cause here for review, and contends, first, that the agency contract did not authorize Novak to make a binding contract of sale in the name of appellant.

The agency contract is as follows:

"Remarks: S. E. Cor. Cicero & Lincoln, about 492' on each triangle side, 1¼ acre.                          *April 2, 1923.*

"The undersigned hereby employs Thos. Novak as the sole and exclusive agent for the sale of the property described above for a term of three months. Price five thousand net. The agent's authority may be revoked by the owner at any time after the expiration of the above term when no negotiations are pending for the sale and exchange of the property, but only upon and after thirty days' notice in writing to that effect given to the agent. And if, subsequently to such revocation, the property shall be sold or exchanged to anyone with whom the agent had theretofore been negotiating, the said commission will be paid to the said agent.

"Cash $2000; bal. m'tge for five years; seller to pay general taxes to date of deed."

The power of a broker to make a binding contract of sale in the name of the owner has received consideration in this court. In *Johnson* v. *Dodge,* 17 Ill. 433, it was held that authority from the owner to sell land included the power and authority to make a binding contract in the name of the principal with the purchaser. It was likewise so held in *Peabody* v. *Hoard,* 46 Ill. 242, and *Hemstreet* v. *Burdick,* 90 id. 444. This rule, however, was modified in *Jones* v. *Howard,* 234 Ill. 404. The language in that case was: "Assist me to sell my property described below until sale is made and properly closed. I hereby authorize you to sell same, and agree to pay you, when it is sold, for your services," etc. It was held that this language did not confer on the agent express authority to make a bind-

314—32

ing contract of sale, and that therefore such agent did not have that authority. To the same effect is *Stein* v. *McKinney*, 313 Ill. 84. In agency contracts of this character, as in other contracts, the intention of the parties is to govern. Thomas Novak is a real estate broker. Such an individual is usually defined to be one who negotiates for the sale of real property. The agency contract in question is an employment of Novak as exclusive agent for the sale of the property for a period of three months, at a selling price of $5000. The contract of sale sought to be enforced by appellee against appellant, and which was signed by appellee, and by Novak for appellant, contains numerous provisions other than that of sale, as, for instance, it provides that all taxes are to be prorated. There is no provision in the agency contract pertaining to the prorating of taxes, nor is there evidence in the record that any custom existed as to that matter in the business of selling real estate. It also provided that a certificate of title, a merchantable abstract of title, or a guaranty policy by a certain named trust company, shall be provided within a certain specified time. There is no evidence of authority given to the broker under the agency contract to include provisions of that kind in the contract of sale, nor is there evidence of such a custom in the real estate business. The sale contract also provides that earnest money amounting to $500 should be paid, not to the vendor but to the vendor's broker. The sale price in the agency contract was $5000 net. The sale consummated with Peters was for $5300. There is nothing in the contract of agency permitting payment of earnest money to Novak. These provisions inserted in the contract by the agent are or may become very material to the vendor and as to which he should be allowed to exercise his own judgment unless authority to contract for him has been expressly given in the agency contract. In the sale of real estate there are many terms to be agreed upon aside from the sale price of property,

and while there is no doubt that where an agent is given the specific authority to complete a contract for sale of real estate on behalf of the owner, specific performance to enforce such contract will lie where the same is executed in accordance with such authority, but the agent's authority in such instance should not be allowed to remain in the realm of presumption or inference but should be clear and express.

Appellee cites the case of *Hedrick* v. *Donovan,* 248 Ill. 479. In that case a written contract was given to an agent "for the sole purpose of selling and transferring certain land." It was there held that such language showed an intention on the part of the vendor that his agent should have authority to make a valid contract of sale with a purchaser. The agency there was not only for the purpose of selling but likewise for the purpose of transferring. That case is therefore to be distinguished from the case at bar, where the only language is one of agency for the sale of property.

The employment of a real estate broker to effect the sale of a parcel of land, even though terms and price may be prescribed, does not amount to giving a present authority to such broker to conclude a binding contract for the same. (*Keim* v. *Lindley,* 30 Atl. (N. J. Ch.) 1063; *McCullough* v. *Hitchcock,* 71 Conn. 401; *Fitzpatrick* v. *Gilson,* 176 Mass. 477.) We are of the opinion that the agency contract in this case does not contain language broad enough to authorize the broker, Novak, to make a binding contract of sale, and that the chancellor erred in so holding.

Other errors have been assigned, but under the view we take of the power of the agent in this case it does not become necessary to consider them.

The decree is reversed and the cause remanded, with directions to enter a decree dismissing the bill for want of equity.

*Reversed and remanded, with directions.*