## CHARLES J. REHKAMP ET AL. v. SAMUEL KLAHR

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 76106

Memorandum filed July 8, 1949.

*Frederick F. Ehrsam,* of Bridgeport, for the Plaintiffs.

*LaMacchia & Dinerstein,* of Bridgeport, for the Defendant.

MELLITZ, J. There is no substantial dispute that the defendant failed to carry out his agreement to convey to the plaintiffs the real estate involved in the agreement entered into between the parties. The only question is whether the agreement was sufficiently certain to be enforced.

The agreement provides for a purchase money mortgage in the amount of $13,000, to be held by the defendant at 5 per cent interest but does not specify when the mortgage is to be payable. It is settled that where a written agreement for the sale of land provides that a portion of the purchase price is to be secured by a mortgage the agreement must fix the time the mortgage is to run, in order to satisfy the requirements of the Statute of Frauds. *Sullivan* v. *Ladden,* 101 Conn. 166, 168. The plaintiffs seek to supply the deficiency in the agreement by resorting to the contents of the letter, exhibit B, written to the plaintiffs by the broker. There is no evidence that the defendant authorized this letter or knew that it was being written. Ordinarily, a real estate broker employed to find a purchaser has no authority to bind his principal by signing a contract of sale. *McDermott* v. *Drumm,* 96 Conn. 670, 671. There may be situations where a memorandum signed by an agent is binding on his principal; *Lipkowitz* v. *Freedman,* 96 Conn. 84, 87; *O'Sullivan* v. *Overton,* 56 Conn. 102; but the only agreement counted upon in the complaint is that set forth in Exhibit A, and the question whether the contents of the broker's letter may be employed for the purpose sought by the plaintiffs is not presented.

It may be pertinent to observe that if it could be found upon the evidence that the requirements of the Statute of Frauds are satisfied, the plaintiffs would be entitled only to nominal damages. There was no evidence that the value of the property was greater than the contract price, and there was no evidence as to the amount of the expense caused to the plaintiffs for a title search, which was the only relevant item of damage as to which there was testimony. *Gray* v. *Greenblatt,* 113 Conn. 535, 537.

Judgment may enter for the defendant to recover costs.