ESTELLE G. GRUSKIN *v.* JAMES H. ALLYN, TRUSTEE
(ESTATE OF ANNIE H. ALLYN)

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

542

Argued October 3—decided October 15, 1957

*Sidney F. Heller,* for the appellant (plaintiff).

*George E. Kinmonth, Jr.,* for the appellee (defendant).

BALDWIN, J.  In this action for the specific performance of a contract to sell real estate alleged to have been executed by the vendor's agent and for damages for its breach, the court rendered judgment for the defendant. The plaintiff has appealed.

The essential facts found may be stated as follows: The defendant, as trustee, owned four lots of land which he had listed for sale with a real estate agent. In May, 1955, no sale having been forthcoming, he listed the lots with Anthony Cortina, another real estate agent, who shared an office with Samuel Gruskin, an attorney at law. By July, Cortina had succeeded in finding separate purchasers for two of the lots. In each of these instances the purchasers had been represented by Gruskin and written contracts of sale, together with the deposits, had been mailed to the defendant for his signature. In the forenoon of July 11, Gruskin, in behalf of the plaintiff, made an offer of $1200 for the two remaining lots to Cortina, payments to be made by a deposit of $100 and the balance on de-

livery of the deed. Although the defendant had listed these lots with Cortina for $750 each, Cortina told him of the $1200 offer by telephone and he verbally accepted it. Gruskin thereupon drew a check to the order of the defendant for $100 and noted the terms of the sale on the back of it. He then caused a receipt to be typed which Cortina signed as agent for the defendant. The check was mailed to the defendant on the afternoon of July 11. That same afternoon, the defendant received word from the real estate agent with whom he had originally listed the lots for sale that she had an offer for the two lots for $1500. The defendant thereafter advised Gruskin and Cortina that he would not complete the sale to the plaintiff. He received a deposit on the $1500 offer on July 12. On July 13, the Gruskin deposit reached the defendant and he immediately returned it. He acknowledged his liability to Cortina for the commission and paid it. He refused, however, to complete the sale to the plaintiff.

The plaintiff relies upon the receipt signed by Cortina as agent for the defendant as a memorandum sufficient under the Statute of Frauds to obligate the defendant. General Statutes § 8293. The defendant contends, however, that Cortina had no authority to execute any memorandum in his behalf.

An agency to sell real estate, including the authority to execute a written contract of sale, may be created by parol. *Lipkowitz* v. *Freedman,* 96 Conn. 84, 87, 113 A. 152; *Jacobson* v. *Hendricks,* 83 Conn. 120, 124, 75 A. 85; see 49 Am. Jur. 710, § 407. This does not mean, however, that a real estate agent who is employed to find a purchaser for real estate ipso facto has the power to enter into a written agreement to sell in behalf of his principal. Such power requires special authorization, either

express or to be implied from all the circumstances. *McDermott* v. *Drumm,* 96 Conn. 670, 671, 115 A. 476; *McCullough* v. *Hitchcock,* 71 Conn. 401, 403, 42 A. 81. It is not claimed in the instant case, nor could it be successfully maintained, that express authorization was given. The plaintiff asserts, however, that the authority to execute a written memorandum of sale must be implied as a matter of law from the facts. The court found that in the two prior sales made by Cortina as agent for the defendant, written memoranda of sale had been forwarded to the defendant for his signature and he had duly executed them. This finding made it necessary to draw the inference that Cortina did not believe that he had authority to sign a memorandum of sale in behalf of the defendant and that the defendant was entitled to believe that he would not be bound by his oral acceptance of the Gruskin offer until he had executed a memorandum of sale. The refusal to reach the conclusion that Cortina had authority to execute a written memorandum of sale was therefore proper.

There is no error.

In this opinion the other judges concurred.