Cecil ARRINGTON, Appellant,

v.

Benjamin E. BECKER and Lillian N. Becker,
Appellees.

No. 2960.

Municipal Court of Appeals for the
District of Columbia.

Argued April 23, 1962.

Decided July 12, 1962.

Rehearing Denied July 30, 1962.

Milton Conn, Washington, D. C., for appellant.

Albert D. Brault, Washington, D. C., with whom Albert E. Brault, Washington, D. C., was on the brief, for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

The question here is the correctness of the trial court's finding that appellant assumed the payment of a second deed of trust and was therefore liable for the deficiency existing after foreclosure.

The deed of trust and note secured by it were executed by appellees as part of the purchase price of real property. Some years later they entered into a contract to sell the property to appellant. The contract recited that appellant was to "assume, give, place, take title subject to" first and second deeds of trust of specified amounts. When settlement of the contract was made at a title company, the settlement sheet signed and approved by appellant listed the first and second deeds of trust and opposite each was written the word "assume." The deed of conveyance contained no reference to either the first or second trust.

After conveyance of title the appellant occupied the premises and for a time made payments on the trusts. Eventually he defaulted in payments on the second trust and foreclosure followed with a resulting deficiency of approximately $1,500. The holders of the second deed of trust note then sued appellees and obtained judgment against them for the deficiency. Appellees

in turn sued appellant on the theory that he had assumed payment and was therefore liable to them for such deficiency.

██ Whether or not a grantee assumes the obligation for an encumbrance on the property and thereby becomes personally liable for its payment, depends upon the intention of the parties to the transfer.[1] Generally such intention is determined by the language of the contract of purchase or the deed of conveyance; but when such language is ambiguous resort to extrinsic evidence is proper in seeking to determine the intention of the parties.

Here the language of the contract was obviously ambiguous. Clearly the parties did not intend that appellant "give" or "place" a second trust. So the question is did they intend that appellant "assume" the second trust and thereby become personally liable for its payment, or did they intend that appellant "take title subject to" the trust without assumption of liability.

█ Appellees' testimony was that in negotiating the contract appellant was told that he would assume the first and second trusts; and that after consummation of the sale appellant said he was "paying everybody and everything is all right." Appellant's testimony was: "My understanding what I was supposed to do according to that contract: to pay the figures; if not, I had no more to do with it."

The trial court found as a fact that appellant agreed to pay the balance due on the second trust note, and concluded as a matter of law that appellant assumed payment of the second trust note and was liable for the deficiency. On the record before us we cannot say the trial court was in error.

Affirmed.

1. 37 Am.Jur., Mortgages § 992; 59 C.J.S. Mortgages § 406. See also Consolidated Realty Corp. v. Dunlop, 72 App.D.C. 273, 114 F.2d 16.