Penelope **T. APOSTOLIDES, t/a Penny's Realty Co., Appellant,**

v.

George **COLECCHIA, Louis J. Colecchia and Mary Dodson, Appellees.**

No. 3883.

District of Columbia Court of Appeals.

Argued April 25, 1966.

Decided July 14, 1966.

Rehearing Denied July 26, 1966.

Herman Miller, Washington, D. C., for appellant.

James Michael Bailey, Washington, D. C., for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

In June 1964 Allen Mesirow, attorney for appellee George Colecchia, a resident of

Florida, contacted appellant, a licensed real estate broker in the District of Columbia, and informed her that his client owned some realty here which he desired to sell for $57,500. Appellant agreed to try to find a purchaser and first presented an offer to Mesirow of $42,500, which was rejected. A second offer of $49,500, with a first and second trust to be placed on the property, was also refused by George Colecchia in a letter to Mesirow dated July 3, 1964, in which a counter-offer was suggested of $49,000, with a cash down payment of $12,500, Mr. Colecchia to take back a first trust for the balance. The letter specified there would be no charges to him except a brokerage commission of 5%. It also stated, "If this is alright with your party let me know, because I will have to send the contract to [appellees Louis J. Colecchia and Mary Dodson] to sign." On July 6, 1964, appellant brought an offer which met the authorized terms. Appellees Louis J. Colecchia and Mary Dodson rejected this offer in favor of a higher one from another party. Not until after appellant had procured a prospective buyer did appellant learn that George Colecchia was not the sole owner of the property but held the title in joint tenancy with his adult son and daughter, co-appellees. After attempts failed to persuade them to accept the offer she had obtained, appellant filed the instant suit against the three owners of the property seeking the commission she claims to have earned. At the close of appellant's evidence the trial judge dismissed the case, ruling that as appellant had not obtained a written authorization from the owners to list the property for sale as required by the Stat-ute of Frauds[1] and, in the light of our decision in Fitzgan v. Burke, D.C.Mun. App., 61 A.2d 721 (1948), she had not made out her case and thus was not entitled to a commission.

We do not interpret Fitzgan v. Burke as requiring that a *listing* of property for sale must be in writing. This case holds that, under the Statute of Frauds, a contract for the sale of real estate is valid and enforceable only when it is in writing and there is sufficient description of the property to be sold, the price to be paid, and the names of the parties to the transaction.[2] Appellant's claim for compensation is not predicated upon a contract for the sale of realty but upon an oral employment agreement.[3] Our Code[4] imposes on the broker the duty to secure the written consent of the owner before offering real property for sale. Failure to comply with this requirement constitutes grounds for suspension or revocation of the license.[5] However, a broker who offers property without the written consent of the owner and secures a qualified buyer does not lose his right to a commission.[6] Thus appellant's failure to obtain a written listing from Mesirow, acting for his client George Colecchia, did not *per se* invalidate her claim for commission. It is firmly established that a real estate broker is entitled to his commission if he produces a purchaser ready, willing and able to meet the terms authorized by the owner,[7] even though the parties do not ultimately consummate the sale by reason of the fault or misconduct of the owner.[8] However, a broker must show that he was employed by the seller. If no agreement, oral or

1. D.C.Code, 1961, Supp. V, 1966, § 28–3502.
2. See Ochs v. Weil, 79 U.S.App.D.C. 84, 86, 142 F.2d 758, 760 (1944).
3. Gruskin v. Allyn, 144 Conn. 541, 135 A.2d 361 (1957); 12 Am.Jur.2d Brokers § 38 (1964).
4. D.C.Code, 1961, § 45–1408(n).
5. Murphy v. Mallos, D.C.Mun.App., 59 A.2d 514 (1948).
6. Murphy v. Mallos, supra, footnote 5.
7. Gill v. American Security Corporation, D.C.App., 209 A.2d 629 (1965).
8. Pastor v. Williams, D.C.Mun.App., 135 A.2d 460 (1957); Buckner v. Tweed, 81 U.S.App.D.C. 256, 157 F.2d 211 (1946), cert. den. 330 U.S. 825, 67 S.Ct. 866, 91 L.Ed. 1275 (1947).

written, exists authorizing the broker to act, then he is not entitled to any compensation despite the fact that he procures a buyer, because under such circumstances he is a mere volunteer.[9]

Here appellees Louis Colecchia and Mary Dodson argue that, as far as they are concerned, appellant was such volunteer, pointing out that they had had no prior dealings with her and had not instructed their father, George Colecchia, to have his attorney, on their behalf, engage appellant to procure a buyer for the property. They maintain they therefore cannot be held responsible for her commission. We are in agreement.

The record establishes that appellant's employment as broker and the terms for the sale of the property were negotiated through Mesirow, acting for George Colecchia, but there was no evidence that the other two co-owners either joined with him or ratified her employment or that, at the time appellant was employed, she was aware George Colecchia was not the sole owner of the property. Appellant is, therefore, precluded from recovering a commission from appellees Louis J. Colecchia and Mary Dodson. George Colecchia, however, cannot escape liability therefor. Failure of the co-owners to join in the consummation of the sale does not interfere with the broker's right to compensation.[10] Accordingly, we affirm the trial judge's action dismissing the cause of action against Louis J. Collecchia and Mary Dodson and reverse the dismissal against George Colecchia.

As there is no dispute that the commission agreed upon was 5%, the case is remanded to the trial court with directions to reinstate the cause of action against George Colecchia only and to enter judgment against him for $2,450, plus interest and costs.

Affirmed as to dismissal of case against appellees Louis Colecchia and Mary Dodson.

Reversed as to dismissal of case against appellee George Colecchia and remanded with directions to enter judgment against him for $2,450, plus interest and costs in favor of appellant Penelope T. Apostolides.

---

9. Eggleton v. Vaughn, D.C.Mun.App., 45 A.2d 362 (1946).

10. Weinberg and Bush, Inc. v. Murray, D.C. D.C., 188 F.Supp. 263, 265 (1960), aff'd 110 U.S.App.D.C. 319, 293 F.2d 158 (1961).