**Walter L. BOWLES, Appellant,**

v.

**Theodore R. HAGANS, Jr., Appellee.**

**No. 4606.**

District of Columbia Court of Appeals.

Argued May 20, 1969.

Decided Aug. 7, 1969.

Samuel Klein, Washington, D. C., for appellant.

William A. Tinney, Jr., Washington, D. C., entered an appearance for appellee.

Before KELLY, KERN and GALLAGHER, Associate Judges.

KERN, Associate Judge:

Appellant sued appellee for $2,750 representing a broker commission which he claimed for allegedly selling appellee's boat. The court below entered judgment for appellee without making findings of fact or conclusions of law. We reverse.

Appellant testified at trial that he was in the business of repairing and selling light boats. In the spring of 1966 appellee decided to sell his Colonial Cruiser and asked appellant to sell it for him. Appellee stated then that he would like to get $40,000. Appellant told appellee that his asking price was too high but that he would do whatever he could. Appellant showed the boat to various persons and finally found one Smith who was looking for a boat of that size and kind. After showing Mr. Smith appellee's boat, appellant telephoned appellee to obtain the key to show Mr. Smith the inside of the boat. Appellee was elated at the news and told appellant on the telephone, "Good, very good, do your best to sell it; it's commissionable". Mr. Smith looked at appellee's boat with appellant several more times but Smith indicated the price of $40,000 was just too high. Appellant kept appellee informed of his progress. Finally, at appellant's suggestion, Mr. Smith contacted appellee directly on the price. Nothing was resolved by the year's end and negotiations directly between Smith and appellee over price continued into 1967. Appellant answered certain questions by Mr. Smith concerning the construction of appellee's boat. Finally, the sale was consummated early in 1967 for $27,500. On cross-examination appellant testified that none of his dealings in the instant case were in writing and that he had been dealing for years with appellee without any written agreements.

Mr. Smith testified that he had told appellant the kind of boat he was interested in and appellant had taken him to see appellee's boat. Thereafter, appellant had taken him onto the boat and discussed the boat with him on a number of occasions. He was concerned about its condition and the asking price. Appellant arranged for him to meet with appellee whom he had not previously known to discuss the purchase. He continued to meet with appellant to discuss the boat's condition while he was negotiating price with appellee.

Appellant presented one other witness who was in the boat-selling business and who testified that the customary commission was 10%, that no license was required to sell boats and that it was not customary for brokers to obtain listings in writing.

Appellee, who filed no brief in this court, testified that he had sold his boat to Mr. Smith for $27,500 and that he had not agreed to pay appellant a commission. On cross-examination appellee admitted that he had told appellant, "If you sell my boat you will be paid", but that he had meant that the commission would be paid only if he received his asking price of $40,000.

 The record is clear that there was an agreement between appellant and appellee with reference to the sale of the latter's boat.[1] Appellee attempts to shape that agreement by what he subjectively intended. Of course, appellee's intent is relevant in determining what the parties agreed to but it is appellee's intent as expressed by his outward actions and words, not by his private thoughts, that is determinative. National Bank of the Metropolis v. Kennedy, 84 U.S. 19, 21 L.Ed. 554 (1872); Ottenberg v. Ottenberg, D.C., 194 F.Supp. 98, 105 (1961). Restatement of Contracts, § 233 (1932); Restatement (Second) of Contracts, § 2, comment b (Tent. Draft No. 1, 1964).

Appellee's alleged intent to pay appellant only if appellant obtained a $40,000 price for the boat is operative to affect their agreement only if such intent is clear from appellee's statement, "If you sell my boat, you will be paid", and from appellee's actions in encouraging appellant's sales efforts. We cannot conclude that a reasonable man in appellant's position would have surmised even from appellee's version of the formation of the contract that the sales price had to be at least $40,000 in order for appellant to earn his commission. We conclude that the trial court's ruling is not supported by the evidence and we reverse. D.C.Code 1967, § 17–305(a). In view of the testimony that a 10% fee is customary for a boat broker we see no reason to deny appellant the relief he sought.

Reversed with instructions to enter judgment for plaintiff in the amount of $2750.

---

1. No statute in this jurisdiction requires that a broker's contract with his seller for the sale of a boat be written and their agreement may be oral. Cf. Apostolides v. Colecchia, D.C.App., 221 A.2d 437 (1966).