WM. G. WETHERALL, INC., Appellant,

v.

I. Melvin KRAMER, Appellee.

No. 4601.

District of Columbia Court of Appeals.

Argued May 19, 1969.

Decided Oct. 3, 1969.

---

Mark P. Friedlander, Washington, D. C., for appellant.

Joseph V. Gartlan, Jr., Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

KELLY, Associate Judge:

John H. Lewis, trading as Lewis Iron Works, contracted with appellee I. Melvin Kramer to furnish and erect certain miscellaneous iron and steel work at one of Kramer's construction sites. In order to purchase the necessary steel products on credit and to obtain an advance of cash from appellant Wm. G. Wetherall, Inc., Lewis exhibited his contract with Kramer to an officer of the Wetherall corporation who agreed to accept an assignment of the contract from Lewis as security. Lewis then returned the contract to Kramer, who initialed a written assignment reading that

> This contract is assigned to Wetherall Steel for materials. Make all checks payable to Wetherall Steel Co. & John H. Lewis.

On the strength of the assignment Wetherall delivered steel to Lewis on credit in the amount of $2,721.34. Wetherall also advanced Lewis $2,000 in cash for which

Lewis signed a ninety-day promissory note in the sum of $2,200. Neither Lewis nor Wetherall ever mentioned this cash advance to Kramer.

After deliveries of steel were made, and no monies were forthcoming from Lewis, Wetherall contacted Kramer seeking payment. Kramer delivered a check for $3,-000 to Lewis, payable to both Lewis and Wetherall, which Wetherall applied to its account with Lewis. Sometime later, Wetherall again contacted Kramer concerning further payment, claiming a balance due on the account of $1,921.34. Kramer replied that Lewis had been paid in full. It is undisputed that both before and after the payment of $3,000 to Wetherall, Kramer issued checks in differing amounts payable to Lewis alone.

At trial before the court Wetherall presented evidence that Lewis sought the $2,-000 cash advance to purchase materials that Wetherall did not sell and to meet payrolls; that the extra $200 in the note was a service charge and interest; that it relied upon the assignment as security both for the advance and for the cost of materials furnished Lewis; that it did not inform Kramer of the cash advance because it was none of his concern; that a total of $2,721.34 worth of steel was delivered to Lewis, and that the balance due on the account was $1,-921.34.[1] On the other hand, Lewis,[2] as a witness for the defense, testified that none of the cash advance was used for labor or materials on the Kramer contract; that he told Kramer he needed the assignment in order to get materials on credit, but said nothing to him about the cash advance, and that he had led Kramer to believe the full extent of his indebtedness to Wetherall was approximately $2,700 for materials. Kramer's testimony, to which objection was made, was that he "only meant to guarantee materials" and that he "never had any in-

---

1. The $3,000 was first applied to the note and the balance to the cost of the materials delivered.

2. Lewis was also sued in this action for an alleged balance of $1,921.34 due on his promissory note. He was not served with process and, on motion of appellant, the trial proceeded against appellee alone.

tention of guaranteeing any advance". Also over objection, Kramer testified that he made the $3,000 check out in both names because Lewis told him he owed $2,700 for materials.

At the close of all of the evidence, the trial court made a general finding for Kramer. Although it did not specify the basis for its decision the court appears to have found the language of the assignment ambiguous, allowed parol evidence of the understanding and intention of the parties, and ultimately construed the assignment as being limited to joint payment for materials only. We reverse.

■ There is no question that extrinsic evidence may be introduced to clarify the terms of a contract when an ambiguity is present,[3] the relevance of parol evidence in a particular case being to show the intent of a party " * * * as expressed by his outward actions and words, not by his private thoughts, * * *." Bowles v. Hagans, D.C.App., 256 A.2d 407 (1969); Syndicated Const. Corporation v. Ross, D.C.Mun.App., 62 A.2d 368 (1948). We need not consider the admissibility of parol evidence in this case, however, for in our opinion the terms of this assignment are not ambiguous. The testimony of all witnesses was that Lewis sought the assignment in order to purchase materials. True, Kramer was unaware that Wetherall had advanced Lewis the $2,000 in cash, partly for such purpose, as well as supplying him materials direct, but this fact does not in any way alter the language of the assignment, written either by Lewis or Kramer, purporting to assign the entire contract to Wetherall rather than so much of the proceeds as would cover the cost of materials furnished Lewis on credit. Should the language of the assignment's first sentence be deemed equivocal, however, its concluding sentence clearly required that all checks be made payable to Weth-

erall and Lewis and not just one or more checks in amounts sufficient to cover the cost of materials advanced on credit. This procedure was not followed by Kramer, and only a telephone inquiry from Wetherall about payment some considerable time after delivery of the materials prompted the one check that Kramer did make payable jointly to Lewis and Wetherall. We conclude that under the assignment requiring joint payment of all checks it was incumbent upon Kramer, at the very least, to determine if Lewis' entire indebtedness to Wetherall had been paid in full before any checks were made payable to Lewis alone. Accordingly, this conclusion requires that the judgment for appellee be

Reversed with directions to enter judgment for appellant.

---

3. Minmar Builders, Inc. v. Beltway Excavators, Inc., D.C.App., 246 A.2d 784 (1968); Dixon v. Wilson, D.C.App., 192 A.2d 289 (1963); Arrington v. Becker, D.C.Mun.App., 182 A.2d 836 (1962).