**CITY MORTGAGE INVESTMENT CLUB and Erwin Groner, Appellants,**

v.

**Philip C. BEH and Edith K. Beh, Appellees.**

**No. 7717.**

District of Columbia Court of Appeals.

Argued June 11, 1974.

Decided March 19, 1975.

Rehearing and Rehearing en Banc Denied May 5, 1975.

Joseph W. Pitterich, Bethesda, Md., for appellants.

Maurine H. Abernathy, Washington, D. C., for appellees.

Before FICKLING, KERN and HARRIS, Associate Judges.

HARRIS, Associate Judge:

Appellants sued appellees to recover $4,435.90 plus interest, that being the balance due on a second deed of trust obligation arising out of the sale to appellees of certain real property in the District of Columbia. After the presentation of evidence, the trial court took the case under advisement. The court subsequently entered an order dismissing the complaint.[1] We reverse.

Appellees purchased the subject property from Alfred M. Groner (brother of appellant) and his wife Jeanne. Included in the contract of sale was appellees' promise "to assume a second deed of trust of approximately $5,000.00, at 6%". The second trust was evidenced by a note. The note originally was payable to the order of Charles H. W. Verbeck, and was signed by Alfred and Jeanne Groner. Verbeck negotiated the note to the order of L. D. Quillian, who held it when the sales contract between the Groners and the Behs was executed. Subsequently, Quillian negotiated the note to "City Mortgage Investment Club Pay to C/O E. Groner . . . ." Appellees make no claim that either nego-

tiation was in any way improper or defective. Appellants thus stand as bona fide assignees of Quillian of a claim for money; Quillian in turn was the bona fide assignee of Verbeck of that same claim. See, e. g., Wetherall v. Kramer, D.C.App., 256 A.2d 919 (1969); Fox-Greenwald Sheet Metal Co. v. Markowitz Bros., Inc., 147 U.S.App.D.C. 14, 452 F.2d 1346 (1971). As such, appellants are entitled to any and all rights the original obligee had against appellees.

Prior to default and foreclosure, appellees recognized their obligations under the second trust. After acquiring the property in August of 1966, the Behs made regular monthly payments on the second trust note until September of 1970. Foreclosure was had on the first deed of trust, but the proceeds of sale left nothing for appellants. The Behs then refused to satisfy the second trust note holders, correctly contending that they had never signed (or even seen) the actual note which was associated with that obligation.

When appellees purchased the property, they contracted to assume the obligation of the Alfred Groners to Verbeck. In other words, appellees agreed with the Groners to assume that obligation. Verbeck thus became the third party creditor beneficiary of the assumption contract between appellees and the Groners. As such, he was entitled to performance and could enforce that right directly against appellees. See, e. g., Schwartz v. Brown, D.C.Mun.App., 64 A.2d 298, 299 (1949). The bona fide assignees of his rights likewise were in a position to sue appellee⌐ directly on the contract of assumption, occupying the same status as the originally intended beneficiary.[2] See, e. g., Gulf Motors, Inc. v. Fenner, D.C.Mun.App., 114 A.2d 543 (1955).

The trial court was correct in concluding that appellants could not hold appellees lia-

---

1. The court also dismissed a counterclaim which had been filed by the defendants. No appeal was taken from that ruling.

2. Under paragraph 16 of the contract, the parties specifically agreed that it would be binding on their respective successors and assigns.

ble on the negotiable instrument itself, because appellees' signatures do not appear thereon. D.C.Code 1973, § 28:3–401. That fact, however, does not defeat appellants' claim.[3] The suit has proper support not on the note but on the contract; the note merely evidences the amount of the debt owed on the contract. Appellees thus are liable to the assignees of the intended creditor beneficiary of their contract of assumption with the Alfred Groners. *See* Arrington v. Becker, D.C.Mun.App., 182 A.2d 836 (1962); *see also* Linbrook Realty Corp. v. Rogers, 158 Va. 181, 163 S.E. 346 (1932); Rosenthal v. Heft, 155 Md. 410, 142 A. 598 (1928).

Accordingly, the ruling of the trial court is reversed, and the case is remanded with directions to enter judgment for the plaintiffs.

Reversed and remanded.

---

3. The trial court's erroneous exclusive reliance on the statute is understandable. Both parties submitted proposed findings of fact and conclusions of law while the matter was under advisement; neither included citations to relevant authorities.